**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 30, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

v.

PEDRO CHAVEZ-CALDERON, a/k/a
Pedro Acosta-Pinela,

       Defendant - Appellant.

No. 06-2313

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**
**(D.C. No. CR-05-2606-JP)**

Jerry A. Walz, Walz and Associates, Cedar Crest, New Mexico, for Defendant - Appellant.

David N. Williams, (David C. Iglesias, United States Attorney and Laura Fashing, Assistant United States Attorney, on the brief), Albuquerque, New Mexico, for Plaintiff - Appellee.

Before **TACHA**, Chief Judge, **BALDOCK**, and **KELLY**, Circuit Judges.

**KELLY**, Circuit Judge.

Defendant-Appellant Pedro Chavez-Calderon appeals from the sentence imposed following his guilty plea to one-count of illegal reentry of an alien after

deportation, see 8 U.S.C. §§ 1326(a) & (b)(2).  He was sentenced to fifty-seven months' imprisonment—a term of imprisonment at the low end of the advisory Guideline range—and three years' unsupervised release.[1]  Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

Background

Subsequent to Mr. Chavez-Calderon's plea of guilty, a presentence investigation report (PSR) was prepared.  The PSR indicated a total offense level of twenty-one, and a criminal history category of VI.  The base offense level was eight.  The base offense level was enhanced by sixteen levels because Mr. Chavez-Calderon was previously deported following a felony conviction for a drug-trafficking offense.  See U.S.S.G. § 2L1.2(b)(1)(A)(i).  The offense level was then reduced by three levels for acceptance of responsibility.  See id. § 3E1.1.  When the total offense level of twenty-one was combined with a criminal history category of VI, the recommended Guideline range was seventy-seven to ninety-six months' imprisonment.

In response to the PSR, Mr. Chavez-Calderon filed a sentencing memorandum, arguing that a criminal history category of VI over-represented his past convictions and requesting a further variance from the applicable Guideline

---

[1]  Mr. Chavez-Calderon's release is unsupervised because the district court ordered that he be deported following his term of imprisonment.

range based on the factors set forth in 18 U.S.C. § 3553(a).  At sentencing, the Government agreed that a criminal history category of VI over-represented Mr. Chavez-Calderon's criminal history.  As a result, the district court reduced his criminal history category to IV, resulting in a new advisory Guideline range of fifty-seven to seventy-one months' imprisonment.  Rejecting Mr. Chavez-Calderon's request for a sentence below the adjusted advisory Guideline range, the district court sentenced him to fifty-seven months' imprisonment.  In so doing, the district court noted Mr. Chavez-Calderon's history of violence toward women.

Mr. Chavez-Calderon now appeals, arguing that in fashioning a fifty-seven month sentence the district court (1) failed to adequately indicate that it had considered the § 3553(a) factors and (2) should not have considered (or placed undue weight upon) various domestic violence incidents in his past.

Discussion

In reviewing a criminal sentence, we first determine whether the district court correctly applied the Guidelines to arrive at the applicable sentencing range. See United States v. Kristl, 437 F.3d 1050, 1054 (10th Cir. 2006) (per curiam). In so doing, "we review factual findings for clear error and legal determinations de novo." Id.  Assuming the district court correctly applied the Guidelines, we review the sentence imposed for substantive reasonableness in light of the factors

- 3 -

contained within 18 U.S.C. § 3553(a).  See United States v. Booker, 543 U.S. 220, 261-62 (2005).  A sentence is reasonable so long as the district court does not abuse its discretion in imposing sentence.  See Rita v. United States, – S. Ct. –, 2007 WL 1772146, at *9 (2007).  And if the applicable advisory Guideline range is correctly calculated and the district court has imposed a sentence within that range, there is a rebuttable presumption that the sentence is reasonable, see Kristl, 437 F.3d at 1055. See also Rita, 2007 WL 1772146, at *6 (upholding the use of an appellate presumption of reasonableness for within-Guidelines sentences).

Here, Mr. Chavez-Calderon does not challenge the district court's application of the Guidelines.  Rather, he first contends that the district court committed reversible error in failing to adequately explain why it imposed the sentence it did.  Because Mr. Chavez-Calderon did not lodge an objection on the basis of inadequate explanation at the time of sentencing, we review for plain error.  See United States v. Romero, – F.3d –, 2007 WL 1874231, at *3 (10th Cir. 2007).  Plain error is present only when there is (1) an error, (2) that is plain, (3) which affects substantial rights, and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings.  United States v. Olano, 507 U.S. 725, 732 (1993).  Mr. Chavez-Calderon's contention fails because we find no error.

In order to facilitate appellate reasonableness review and to ensure that the

§ 3553(a) factors have informed a district court's exercise of discretion, we require district courts to give reasons for their sentences. See United States v. Sanchez-Juarez, 446 F.3d 1109, 1116-17 (10th Cir. 2006). We do not, however, require "that the district court recite any magic words to show us that it fulfilled its responsibility to be mindful of the factors [in § 3553(a).]" United States v. Jarrillo-Luna, 478 F.3d 1226, 1229 (10th Cir. 2007) (quoting United States v. Contreras-Martinez, 409 F.3d 1236, 1242 (10th Cir. 2005)). Additionally, "a district court's duty to explain why it chose the given sentence does not . . . require it to explain why it decided against a different sentence." Id. at 1230.

All that is required (especially in a case where the district court merely imposes a within-Guidelines sentence) is that the court state its reasons for arriving at the particular sentence imposed. See id.; Rita, 2007 WL 1772146, at *12 ("[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation."). Ordinarily, and in good practice, the district court will address a defendant's nonfrivolous arguments for a more lenient sentence; but that is not legally required so long as "the sentencing judge . . . [sets] forth enough to satisfy [us] that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." See Rita, 2007 WL 1772146, at *12.

In the present case, after hearing argument from both sides, the district court clearly explained that, "I have considered the factors under 18 United States

Code Section 3553(a)(1) through (7), and believe that a guideline sentence of 57 months is consistent with the principles under that statute." III R. (Tr. Sent. H'rg) at 14; see also id. at 15 (repeating). In addition, the district court observed that "there is really not a justification for sentencing [him outside of the guidelines." Id. The district court was also concerned about Mr. Chavez-Calderon's lengthy "history of violence against women" and that none of the previous time Mr. Chavez-Calderon spent in prison "really corrected his conduct in that respect." Id. at 14-15.

The foregoing is sufficient for us to perform our appellate reasonableness review, and it confirms that the sentencing decision was tethered to the § 3553(a) factors. Essentially, after listening to Mr. Chavez-Calderon's arguments for a below-Guidelines sentence and the government's arguments for a within-Guidelines sentence, the district judge stated that he agreed with the government that there was no reason to vary from the Guidelines. See id. at 7-14. This case falls within the mine run of cases in which the district court determines that the Sentencing Commission's recommended sentence is proper in light of the § 3553(a) factors, and where, as a result, not much explanation on the sentencing judge's part is needed. See Rita, 2007 WL 1772146, at *12.

Mr. Chavez-Calderon's second argument is somewhat related to his first. He maintains that the district court gave improper weight to two incidents allegedly involving domestic violence when neither resulted in a

conviction—namely a 1999 charge for menacing that was dismissed and a pending 2004 charge for violation of a restraining order in which no conviction has yet resulted. He does not dispute that the district court could consider a prior conviction for assault and battery directed at a woman, other than to suggest it is dated. Aplt. Br. at 14. However, he argues that the conduct is unrelated to his current offense for illegal reentry. Mr. Chavez-Calderon claims he preserved this objection below, and the government claims otherwise; regardless, the preservation issue is academic because we find no error.

Although he now denies committing the acts in relation to the menacing charge, Mr. Chavez-Calderon did not object to any fact contained within the PSR. Thus, the district court was permitted to accept the PSR's account of the incidents as factual findings. See Fed. R. Crim. P. 32(i)(3)(A) (allowing a court at sentencing to "accept any undisputed portion of the presentence report as a finding of fact"). It was also permitted to "extrapolate[] from the uncontested facts in the PSR. . . to draw conclusions about characteristics relevant to sentencing factors enumerated in 18 U.S.C. § 3553(a)." United States v. Mateo, 471 F.3d 1162, 1167 (10th Cir. 2006). In fact, "[w]e have noted that 'no limitation' should be placed on 'the information concerning the background, character, and conduct of a person for the purpose of imposing an appropriate sentence.'" Id. (quoting United States v. Magallanez, 408 F.3d 672, 684 (10th Cir. 2005)) (internal modifications omitted).

"The sentencing court is well within its discretion and, indeed, is required to carefully consider the facts contained in the PSR when evaluating the § 3553(a) sentencing factors, including 'the history and characteristics of the defendant,' and the need for a sentence to 'afford adequate deterrence to criminal conduct,' and 'to protect the public from further crimes of the defendant.'" Id. (citing 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C)).  In Mateo, we rejected the contention that a district court was precluded from considering uncontested conduct, even if uncharged, in formulating a reasonable sentence.  Id. at 1167-68.  We believe that the district court was justified in considering both the assault and battery conviction and the other incidents in discharging its obligations under § 3553(a).  The district court's weighing of the various sentencing factors was reasonable.  Although Mr. Chavez-Calderon argues that he will be deported from the United States upon release from prison, this is but one fact—among many—that the court may consider in fashioning a reasonable sentence.  It is far from dispositive.

AFFIRMED.