**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff – Appellee,

v.

SUSAN DIANNE WEEDEN,

    Defendant – Appellant.

No. 06-2319
(D.C. No. CR-06-00488-JC)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

Susan Dianne Weeden appeals her sentence of 27 months' imprisonment based on her conviction for possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). We **AFFIRM** the decision of the district court.

On December 6, 2005, Weeden attempted to enter the United States from Mexico at the Antelope Wells, New Mexico port of entry. Border officials inspected the pickup truck Weeden was driving, which registered abnormally high

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

density meter readings. After completing an x-ray of the bed of the truck, they discovered 111.4 kilograms of marijuana secreted in a hidden compartment. Weeden was arrested the same day. Although she initially denied knowledge of the marijuana, she later admitted to driving the truck across the border in exchange for a promised payment of $3,000 to $5,000. On March 9, 2005, Weeden pled guilty to one count of possession with intent to distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), without the benefit of a plea agreement. In her acceptance of responsibility statement, Weeden explained that she was laid off from her job as a Senior Systems Engineer in July 2004, and that financial desperation drove her to make the trip without "ask[ing] enough questions." She admitted in her statement that she "should have known that [the] 'job' involved illegal activity" and accepted full responsibility for her crime.

Weeden's Presentence Report ("PSR") assigns a base offense level of 26. Two points are subtracted because Weeden meets the criteria set forth in U.S.S.G. § 5C1.2, which limits the applicability of statutory minimum sentences in certain cases. See § 2D1.1(b)(7) (decreasing offense level for drug crimes by two points for defendants who qualify under § 5C1.2). Three points are also subtracted for Weeden's minor role in the crime, and three points for acceptance of responsibility, yielding a total offense level of 18. Weeden has no prior criminal record, and is assigned a criminal history category of I. Because Weeden meets

the criteria specified in U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f), the usual 5-year statutory minimum sentence for her crime does not apply. Using a criminal history category I and an offense level of 18, the PSR calculates a Guidelines range of 27 to 33 months.

At sentencing, the district court began by confirming that Weeden and her counsel had reviewed the PSR. Addressing counsel, the court asked, "Have you had an opportunity to review the Presentence Report with your client?" Counsel responded, "Yes, we have, your Honor." The court then imposed a sentence of 27 months' imprisonment, at the bottom of Weeden's Guidelines range. It explained:

> The Court adopts the Presentence Report factual findings and guideline applications and the factors set forth in 18 United States Code, Section 3553(a)(1)-(7). The defendant meets the criteria of 18 United States Code, 3553(f)(1)-(5). Therefore, the sentence shall be imposed pursuant to Section 5C1.2 of the Guidelines and the application guideline range without regard to the statutory minimum sentence. The offense level is 18. The criminal history category is I. The guideline imprisonment range is 27 to 33 months. The Court notes that the defendant possessed with intent to distribute 111.4 net kilograms and more of marijuana. As to the Information, Criminal 06-488, the defendant, Susan Dianne Weeden, is committed to the custody of the Bureau of Prisons for a term of 27 months. The defendant is placed on supervised release for a term of three years.

Weeden appeals her sentence claiming procedural unreasonableness and contending that the district court erred by failing to more thoroughly explain its reasons for imposing a 27-month sentence. She also claims that the court failed to comply with Fed. R. Crim. P. 32(i)(1)(A), which requires sentencing courts to verify that a defendant and her attorney have read and discussed the PSR.

Because Weeden failed to raise either of these objections below, we review only for plain error. See United States v. Lopez-Flores, 444 F.3d 1218, 1221 (10th Cir. 2006). "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Gonzalez-Huerta, 403 F.3d 727, 732 (10th Cir. 2005) (quotation omitted).

We conclude there was no error with respect to the adequacy of the court's explanation for Weeden's sentence. In Lopez-Flores, we held, "When the defendant has not raised any substantial contentions concerning non-Guidelines § 3553(a) factors and the district court imposes a sentence within the Guidelines range, our post-Booker precedents do not require the court to explain on the record how the § 3553(a) factors justify the sentence." Id. at 1222. This holding clearly forecloses Weeden's argument. Although she cites United States v. Sanchez-Juarez, 446 F.3d 1109, 1116 (10th Cir. 2006) in support of her claim, that case is inapposite. In Sanchez-Juarez, we reversed a sentence for insufficient explanation where the defendant raised a non-frivolous argument for a downward variance, and the record provided "no indication" that the court weighed the § 3553(a) factors. Id. at 1116. Unlike the defendant in Sanchez-Juarez, however, Weeden failed to raise any arguments for a downward variance. Moreover, we recently clarified that we will ordinarily presume that the "district court knew and

applied the law" in imposing a within-Guidelines sentence. United States v. Ruiz-Terrazas, 477 F.3d 1196, 1202 (10th Cir. 2007).

In United States v. Rita, 551 S. Ct. ___, 2007 WL 1772146, at *12 (2007), the Supreme Court condoned our approach, and explained that lengthy explanation for a within-Guidelines sentence is not normally necessary:

> [W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation. Circumstances may well make clear that the judge rests his decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence (in terms of § 3353(a) [sic] and other congressional mandates) in the typical case, and that the judge has found that the case before him is typical. Unless a party contests the Guidelines sentence generally under § 3553(a) – that is argues that the Guidelines reflect an unsound judgment, or, for example, that they do not generally treat certain defendant characteristics in the proper way – or argues for departure, the judge normally need say no more.

Given the district court's apparent finding that Weeden's Guidelines sentence was proper and typical, it "need say no more" than it did. Id.; see also United States v. Chavez-Calderon, __ F.3d ___, 2007 WL 2171363 (10th Cir. July 30, 2007) ("All that is required (especially in a case where the district court merely imposes a within-Guidelines sentence) is that the court state its reasons for arriving at the particular sentence imposed.") (citing id.).

We also conclude that the district court complied with Fed. R. Crim. P. 32(i)(1)(A), which required it to "verify that the defendant and the defendant's

attorney have read and discussed the presentence report."[1]   At the start of the hearing, the court asked counsel, "Have you had an opportunity to review the Presentence Report with your client?"  Counsel responded, "Yes, we have, your Honor" (emphasis added).  Both the question and response unmistakably refer to the defendant as well as her attorney.  Although the court did not address Weeden directly, it was not required to do so.  See United States v. Rangel-Arreola, 991 F.2d 1519, 1525 (10th Cir. 1993) (holding that Rule 32(i)(1)(A) "does not require the court to address the defendant personally").

We **AFFIRM** the decision of the district court.


ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge

---

[1]  Weeden concedes that reversal is not mandated in the absence of direct inquiry, and raises the argument primarily to preserve the issue for further review.