**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 20, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ELFIDO CHAVEZ-MARTINEZ,

Defendant - Appellant.

No. 07-2000
(D.C. Nos. 06-CR-258-JC)

(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.[**]

Defendant-Appellant Elfido Chavez-Martinez pleaded guilty to reentry of a

deported alien previously convicted of an aggravated felony. See 8 U.S.C. §§

1326(a)(1), (2) & (b)(2). He was sentenced to twenty-seven months'

imprisonment and two years' unsupervised release. On appeal, Mr. Chavez-

Martinez's counsel has filed an Anders brief because he identified no potentially

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

meritorious issues for appeal.  See Anders v. California, 386 U.S. 738 (1967).

Mr. Chavez-Martinez was served with a copy of the Anders brief and has failed to

respond.  Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a),

and we dismiss the appeal and grant counsel's motion to withdraw.

Following Mr. Chavez-Martinez's guilty plea, a presentence investigation

report (PSR) was prepared.  The PSR calculated the applicable Guideline

sentencing range to be twenty-seven to thirty-three months' imprisonment.  At the

sentencing hearing, Mr. Chavez-Martinez requested that the district court vary

from the bottom of the Guideline range and sentence him to twenty-one months'

imprisonment, which would have been equivalent to the sentence imposed had

Mr. Chavez-Martinez been sentenced after entering a plea pursuant to the fast-

track program.  Mr. Chavez-Martinez's counsel at the sentencing hearing, Mr.

Bustamante, claimed that Mr. Chavez-Martinez asked prior counsel to enter a

fast-track plea.  For reasons unknown to Mr. Bustamante, the government refused

to grant fast-track and proceeded with an indictment.  At sentencing, the district

court refused to grant Mr. Chavez-Martinez's request for a variance.

We agree with Mr. Chavez-Martinez's counsel that there exist no

potentially meritorious issues on appeal.  First, there is no reason to believe that

Mr. Chavez-Martinez's plea was anything but knowing and voluntary.  See Brady

v. United States, 397 U.S. 742, 755-56 (1970).  Next, the district court was not

permitted to take into account the availability of the fast-track program to other

criminal defendants in fashioning a reasonable sentence under the 18 U.S.C. § 3553(a) factors, see United States v. Martinez-Trujillo, 468 F.3d 1266, 1269 (10th Cir. 2006), and Mr. Chavez-Martinez has no enforceable right to participate in the fast-track program. Finally, Mr. Chavez-Martinez did not lodge an objection to any facts contained within the PSR, see Fed. R. Crim. P. 32(i)(3)(A) (allowing a court at sentencing to "accept any undisputed portion of the presentence report as a finding of fact"); his sentence fell at the low end of the presumptively reasonable—and correctly calculated—Guideline range and no facts exist to rebut the presumption, see Rita v. United States, 127 S. Ct. 2456, 2462-63 (2007); United States v. Kristl, 437 F.3d 1050, 1055 (10th Cir. 2006); and the sentence imposed was adequately reasoned, see United States v. Chavez-Calderon, – F.3d –, 2007 WL 2171363, at *2 (10th Cir. 2007). Accordingly, we DISMISS this appeal and GRANT counsel's motion to withdraw.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge