FILED
United States Court of Appeals
Tenth Circuit

November 30, 2007

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

INOSCENCIO HERNANDEZ,

    Defendant-Appellant.

No. 06-1506

(D.C. No. 06-CR-144-MSK)
(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE** and **LUCERO,** Circuit Judges**,** and **BRIMMER,** District Judge.[**]

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

Defendant-Appellant Inoscencio Hernandez pleaded guilty to one count of

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] The Honorable Clarence A. Brimmer, United States District Judge for the District of Wyoming, sitting by designation.

illegal re-entry by a deported alien previously convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a) & (b)(2). The district court sentenced him to seventy-seven months' imprisonment followed by three years' supervised release. On appeal, Hernandez's counsel has filed an Anders brief arguing that there are no legally viable issues for appeal. See Anders v. California, 386 U.S. 738 (1967). The government declined to file a response. At the direction of this court, both the government and counsel for Hernandez have filed supplemental briefs addressing the Supreme Court's decision in Rita v. United States, — U.S. —, 127 S. Ct. 2456 (2007). Both counsel believe that the Supreme Court's ruling in Rita has no effect upon Hernandez's appeal, and further, that his appeal lacks merit. Hernandez was served with copies of the briefs and has failed to respond. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we dismiss the appeal and grant counsel's motion to withdraw.

On April 18, 2006, Hernandez was charged with one count of illegal re-entry of a removed alien. On August 21, 2006, he pleaded guilty pursuant to a plea agreement with the government. Following Hernandez's guilty plea, a pre-sentence report (PSR) was prepared. The PSR noted that the statutory maximum sentence for Hernandez's offense was twenty years' imprisonment. It calculated that Hernandez had an adjusted offense level of 24 and a criminal history category of VI, resulting in an advisory Guidelines range of seventy-seven to ninety-six months' imprisonment. The PSR recommended a sentence of seventy-

seven months' imprisonment—at the bottom of this range. A sentencing hearing was held on November 6, 2006. Counsel for Hernandez and the prosecutor both agreed with the factual contents of the PSR, the PSR's calculation of the sentence under the Guidelines, and the PSR's ultimate sentence recommendation. Hernandez declined the district court's invitation to speak on his own behalf. After reviewing the sentencing factors in 18 U.S.C. § 3553(a), the district court agreed with the parties' recommendation, adopted the PSR, and imposed a sentence of seventy-seven months' imprisonment.

Under Anders, a court-appointed defense counsel who believes that an appeal would be "wholly frivolous" may

> submit a brief to the client and the appellate court indicating any potential appealable issues based on the record. The client may then choose to submit arguments to the court. The Court must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal.

United States v. Calderon, 428 F.3d 928, 930 (10th Cir. 2005) (citing Anders, 386 U.S. at 744).

We agree with counsel that there are no potentially meritorious issues on appeal. There is no reason to believe that Hernandez's plea was anything other than knowing and voluntary. See Brady v. United States, 397 U.S. 742, 755-56 (1970). Hernandez had the opportunity to object to any facts contained in the PSR, but did not do so. See Fed. R. Crim. P. 32(i)(3)(A) (permitting a sentencing

3

court to "accept any undisputed portion of the presence report as a finding of fact").

We review Hernandez's sentence for both procedural and substantive reasonableness, as guided by the factors in § 3553(a). United States v. Atencio, 476 F.3d 1099, 1102 (10th Cir. 2007). The district court has significant discretion in sentencing, and we will not disturb its judgment absent an abuse of discretion. See Rita, — U.S. at —, 127 S. Ct. at 2465. In conjunction with this standard of review, our practice has been to give sentences "properly calculated under the Guidelines . . . a rebuttable presumption of reasonableness." United States v. Kristl, 437 F.3d 1050, 1054 (10th Cir. 2006). The Supreme Court recently affirmed our application of the presumption of reasonableness to within-Guidelines sentences, though it noted that this presumption is not binding. See Rita, — U.S. at —, 127 S. Ct. at 2462-63.

The district court sentenced Hernandez at the bottom of the presumptively reasonable Guidelines range, and well below the statutory maximum of twenty years' imprisonment. Hernandez does not claim the Guidelines range itself was improperly calculated, only that the district court failed to properly evaluate the factors set forth in § 3553(a). However, there are no facts indicating that the district court failed to take the factors in § 3553(a) into account in sentencing Hernandez or was unreasonable in its evaluation. Hernandez was given the opportunity to argue that the factors militated for a sentence below the Guidelines

4

range, and he chose not to do so. His counsel agreed with the recommendation of the PSR that Hernandez be sentenced to seventy-seven months' imprisonment. See id. at 2465 (explaining that the sentencing court should subject the sentence to "thorough adversarial testing."). The court spoke at length on the record about the objectives of § 3553(a) and indicated that it had considered the section in fashioning the sentence.

Moreover, the sentence imposed was adequately reasoned. Where a matter is "conceptually simple . . . and the record makes clear that the sentencing judge considered the evidence and arguments," it is not necessary for a judge to describe in detail his or her reasons for imposing a particular sentence. Id. at 2469; see also United States v. Chavez-Calderon, 494 F.3d 1266, 1268-69 (10th Cir. 2007). Here, the district court agreed with the recommendation of the parties and the PSR that the sentence was "appropriate." No further explanation was required.

Having considered Hernandez's sentence, we find no abuse of discretion in the seventy-seven-month sentence imposed, which is within the advisory Guidelines range of seventy-seven to ninety-six months' imprisonment. The district court explicitly considered the factors in § 3553(a) and adequately explained its reasoning. Hernandez has offered no evidence to counter the presumption of reasonableness we give his sentence.

5

Accordingly, we DISMISS this appeal and GRANT counsel's motion to withdraw.

Entered for the Court


Mary Beck Briscoe
Circuit Judge