FILED
United States Court of Appeals
Tenth Circuit

**February 6, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

BARTOLO AGUIRRE-BARRAZA,

     Defendant-Apellant.

No. 07-2098
(D.C. No. CR-07-112 JP)
(D.N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **EBEL**, and **MCCONNELL**, Circuit Judges.

---

Defendant Bartolo Aguirre-Barraza pleaded guilty to one count of reentry by a previously deported alien in violation of 8 U.S.C. § 1326(a). The district court received the presentence report ("PSR"), and neither the Government nor Aguirre-Barraza objected to its contents. Aguirre-Barraza did assert, however, that his criminal history category over-represented the seriousness of his past

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

offenses. The district court disagreed and held that the advisory guideline range was appropriate because, in addition to his various convictions, Aguirre-Barraza had been arrested multiple times for serious crimes. Accordingly, the district court sentenced Aguirre-Barraza to 15 months' imprisonment, a sentence at the low end of the advisory guideline range.

On appeal, counsel for Aguirre-Barraza filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), which presented Aguirre-Barazza's challenge to both his guilty plea and his sentence. In addition, counsel moved for leave to withdraw as Defendant's counsel. Neither Aguirre-Barraza nor the Government filed a brief responding to counsel's Anders brief. We have independently reviewed the record as required by Anders, 386 U.S. at 744. Based on that review, we conclude that the district court did not err by sentencing Aguirre-Barraza to 15 months pursuant to his guilty plea.

A district court must ensure that a guilty plea is knowing, intelligent, and truly voluntary. United States v. Asch, 207 F.3d 1238, 1242 (10th Cir. 2000). This issue is a matter of law, which we review de novo. United States v. Gigot, 147 F.3d 1193, 1197 (10th Cir. 1998). The record belies Aguirre-Barraza's challenge to his guilty plea. The district court stated several times during the sentencing hearing that it found that Aguirre-Barraza "knowingly, voluntarily, and intelligently" entered his guilty plea. Nothing in the record contradicts this statement, and accordingly, Aguirre-Barraza's challenge to his guilty plea fails.

When analyzing the district court's application of the advisory sentencing guidelines, we review factual findings for clear error and legal determinations de novo. United States v. Kristl, 437 F.3d 1050, 1054 (10th Cir. 2006). In our analysis of the court's application of the guidelines, we lack jurisdiction, however, to consider the court's discretionary denial of a downward departure pursuant to U.S.S.G. § 4A1.3(b). United States v. Angel-Guzman, 506 F.3d 1007, 1017–18 (10th Cir. 2007). If we determine that the district court correctly applied the guidelines and sentenced the defendant within the guideline range, the sentence is presumptively reasonable. Kristl, 437 F.3d at 1055.

In the instant case, after denying Aguirre-Barraza's request for a downward departure, the district court correctly determined that Aguirre-Barraza total offense level was 10 and his criminal history category was IV. Because the court sentenced Aguirre-Barraza within the advisory guideline range, the sentence is presumptively reasonable. The fact that the district court considered Aguirre-Barraza's past arrests does not disturb this presumption. See United States v. Chavez-Calderon, 494 F.3d 1266, 1269–70 (10th Cir. 2007) (holding that a district court may consider uncharged criminal incidents disclosed in a PSR when evaluating the sentencing factors listed at 18 U.S.C. § 3553(a)). Accordingly,

Aguirre-Barraza's sentence is AFFIRMED and we GRANT counsel's motion to withdraw.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge