FILED
United States Court of Appeals
Tenth Circuit

December 24, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

———————————

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

MICHAEL JOHN SHERIDAN, JR.,

      Defendant - Appellant.

No. 07-1456
(D.C. No. 07-CR-00020-EWN)
(D. Colo.)

———————————

**ORDER AND JUDGMENT**[*]

———————————

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

———————————

Defendant-Appellant Michael John Sheridan, Jr. pleaded guilty to one count of

transporting child pornography in interstate commerce, in violation of 18 U.S.C. §

2252A(a)(1). The district court sentenced Mr. Sheridan to 120 months' imprisonment

followed by a lifetime of supervised release. On appeal, Mr. Sheridan's counsel has filed

an *Anders* brief and sought leave to withdraw as counsel. *See Anders v. California*, 386

U.S. 738, 744 (1967). Mr. Sheridan filed a response in which he challenges the

———————————

[*] This Order and Judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1. After
examining the briefs and the appellate record, this three-judge panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered
submitted without oral argument.

reasonableness of his sentence. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). After due consideration of Mr. Sheridan's claims and an independent review of the record,[1] we affirm the sentence and grant counsel's motion to withdraw.

## I. BACKGROUND

For more than two months, Mr. Sheridan, using the screen name "SuperphatZ28," chatted online with "ShyJessica93," whom Mr. Sheridan believed to be a 12-year-old girl from California. During these chats, Mr. Sheridan asked her to come to Colorado, and he graphically described various sex acts that he wanted to perform on her. He also sent her a computer file containing an image of a prepubescent girl having sex with an adult man. However, "ShyJessica93" was, in fact, an undercover FBI Special Agent.

Mr. Sheridan pleaded guilty to one count of transporting child pornography in interstate commerce in violation of 18 U.S.C. § 2252A(a)(1). His Presentence Report (hereinafter "PSR") recommended an offense level of 31, including a six level increase for "[d]istribution to a minor that was intended to persuade, induce, entice, or coerce the minor to engage in any illegal activity." U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 2G2.2(b)(3)(D). Mr. Sheridan filed a Motion for Downward Variance and Request for a Non-Guideline Sentence, but he did not object to the findings of the PSR or

---

[1] *See Anders*, 386 U.S. at 744 (holding that it is the responsibility of the appellate court, "after a full examination of all the proceedings, to decide whether the case is wholly frivolous").

2

its calculated Guidelines range of 108 to 135 months. The district court adopted the findings of the PSR. After specifically addressing his arguments for a below-Guidelines sentence, the court sentenced Mr. Sheridan to 120 months' imprisonment followed by a lifetime of supervised release.

After filing a timely notice of appeal, Mr. Sheridan's counsel concluded that there were no legally viable issues to appeal. He, therefore, filed a brief pursuant to *Anders.* Mr. Sheridan filed a response in which, in effect, he challenges the procedural and substantive reasonableness of his sentence. In particular, he objects to the six level increase for inducing a minor to engage in illegal activity.[2]

## II. DISCUSSION

We recently summarized the governing standards for our review of sentences:

> On appeal, we review sentences for reasonableness, which has both procedural and substantive dimensions. That is, we consider both the length of the sentence, as well as the method by which the sentence was calculated. A sentence is procedurally reasonable

---

[2]  In diligently carrying out his issue-identification responsibilities under *Anders*, 386 U.S. at 744, Mr. Sheridan's counsel discusses possible appellate issues related to the entry of Mr. Sheridan's guilty plea. Specifically, counsel explores whether Mr. Sheridan could argue that his guilty plea was (a) not knowing, intelligent, and voluntary, or (b) lacking in a factual basis. *See generally United States v. Gigot*, 147 F.3d 1193, 1197 (10th Cir. 1998); Fed. R. Crim. P. 11(b)(2)-(3). Counsel concludes that any such arguments would be frivolous. Having independently reviewed the record, we agree.

In its answer brief, acting with care, the government asserts that, in his response, Mr. Sheridan "fairly may be noted to have raised two additional arguments, one regarding separate sovereigns and one regarding alleged bias of the sentencing court." Aplee. Br. at 18. The government contends, however, that these two additional arguments are wholly without merit. We agree.

when the district court computes the applicable Guidelines range, properly considers the § 3553(a) factors, and affords the defendant his rights under the Federal Rules of Criminal Procedure. A sentence is substantively reasonable when the length of the sentence reflects the gravity of the crime and the § 3553(a) factors as applied to the case.

*United States v. Martinez-Barragan*, 545 F.3d 894, 898 (10th Cir. 2008) (alterations, citations, and quotation marks omitted). "[A] within-Guidelines sentence is entitled to a presumption of substantive reasonableness on appeal. The defendant may rebut this presumption by showing that his sentence is unreasonable in light of the sentencing factors delineated in 18 U.S.C. § 3553(a)." *United States v. Alapizco-Valenzuela*, 546 F.3d 1208, 1215 (10th Cir. 2008) (citations omitted).

Because Mr. Sheridan raised no objections at the sentencing hearing, we review the procedural reasonableness of his sentence for plain error. *Martinez-Barragan*, 545 F.3d at 899 ("As a general rule, when a defendant fails to preserve an objection to the procedural reasonableness of his sentence, we review only for plain error." (citing *United States v. Romero*, 491 F.3d 1173, 1176-77 (10th Cir.), *cert. denied*, 128 S. Ct. 319 (2007))). Plain error exists only when there is "(1) an error, (2) that is plain, (3) which affects substantial rights, and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Vigil*, 523 F.3d 1258, 1264 (10th Cir.) (internal quotation marks omitted) (quoting *United States v. Chavez-Calderon*, 494 F.3d 1266, 1268 (10th Cir. 2007)), *cert. denied*, 129 S. Ct. 281 (2008). We review the substantive reasonableness of a criminal sentence for abuse of discretion. *United States v.*

4

*Rojas*, 531 F.3d 1203, 1209 (10th Cir. 2008).

## A. Procedural Reasonableness

The Sentencing Guidelines include three alternative enhancements for a defendant who distributes child pornography to a minor. There is a seven level increase if the defendant "intended to persuade, induce, entice, or facilitate the travel of, the minor to engage in prohibited sexual conduct." U.S.S.G. § 2G2.2(b)(3)(E). "Prohibited sexual conduct" is "any sexual activity for which a person can be charged with a criminal offense,"[3] including the production of child pornography. U.S.S.G. § 2A3.1 cmt. n.1. There is a six level increase if the defendant intended to persuade, induce, entice, or coerce the minor "to engage in any illegal activity" other than prohibited sexual conduct. U.S.S.G. § 2G2.2(b)(3)(D). There is a five level increase if the defendant distributed child pornography to a minor, but did not intend to induce the minor to engage in any illegal activity. U.S.S.G. § 2G2.2(b)(3)(C).

Mr. Sheridan does not dispute that he distributed child pornography to a minor. However, the PSR recommended the six level increase, reciting the language of the Guidelines enhancement. The district court applied the increase because Mr. Sheridan intended to induce a minor to, in the words of the district court, "come to Colorado." R., Vol. III, Tr. at 11 (Sentencing Hearing, dated Sept. 21, 2007). Based on the record before

---

[3]     This includes state law crimes. *United States v. Sims*, 428 F.3d 945, 963 (10th Cir. 2005).

us, it is not clear how traveling to Colorado involves, by itself, illegal activity of any sort. We decline to speculate about what the district court meant. Instead, we note that the district court found, based on the unchallenged PSR, that Mr. Sheridan had multiple conversations with "ShyJessica93" in which he invited her to come to Colorado in order to perform various sex acts with him, which he wanted to photograph. Such conduct would constitute the sexual exploitation of a child, in violation of Colorado law. Colo. Rev. Stat. § 18-6-403(3)(a) (2004). Thus, it is beyond peradventure that Mr. Sheridan persuaded, induced, or enticed a minor to engage in *some* illegal activity. Assuming *arguendo* that the district court erred in applying the Guidelines enhancement, it actually did so by not adjusting Mr. Sheridan's offense level *high enough*. The district court seemingly should have applied the seven level increase for intending to induce a minor to engage in prohibited sexual conduct. U.S.S.G. § 2G2.2(b)(3)(E).

It goes without saying that Mr. Sheridan cannot benefit from such an error. The assumed error did not affect Mr. Sheridan's substantial rights. "For an error to have affected substantial rights, 'the error must have been prejudicial.'" *United States v. Trujillo-Terrazas*, 405 F.3d 814, 819 (10th Cir. 2005) (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993)). Here, the district court's error resulted in Mr. Sheridan receiving a lower offense level than he otherwise would have received. Because Mr. Sheridan benefitted from the assumed error, there was no prejudice.

Mr. Sheridan argues that the adjustment should not apply because he did not

6

"make any plans, or offer any help or money for anyone to come to Colorado." Resp. Br. at 1. Even if we were to accept this factual assertion as true—which he makes for the first time on appeal—the Guidelines adjustment would still apply. Conversations with a minor about virginity, sexual experiences, and a defendant's desire to engage in sexual activity with her are, by themselves, evidence of an attempt to persuade, induce or entice. *United States v. Munro*, 394 F.3d 865, 869 (10th Cir. 2005) (interpreting 18 U.S.C. § 2422(b), which uses the same language as U.S.S.G. § 2G2.2(b)(3)). Mr. Sheridan repeatedly asked "ShyJessica93" to move to Colorado and graphically described what he intended to do to her. The record is more than adequate to support the six—and arguably even a seven—level upward adjustment.

## B. Substantive reasonableness

Mr. Sheridan also argues that his sentence is "inordinately harsh," which we construe as a challenge to its substantive reasonableness. Resp. Br. at 1. Mr. Sheridan's arguments on appeal are largely the same as those he made in his request for a below-Guidelines sentence. It is clear from our review of the record that the district court thoughtfully explained the sentence it imposed and gave carefully considered reasons for rejecting Mr. Sheridan's request. In light of the broad discretion that the sentencing court has when weighing the § 3553(a) factors, *United States v. Smart*, 518 F.3d 800, 808 (10th Cir. 2008), we find nothing in the record to suggest that the court abused its discretion in determining Mr. Sheridan's sentence. Perhaps more to the point, Mr. Sheridan has failed

7

to rebut the presumption of reasonableness that attaches to a within-Guidelines sentence. He has not shown that his sentence is longer than necessary to give effect to the § 3553(a) factors. *See United States v. Sells*, 541 F.3d 1227, 1237 (10th Cir. 2008). Accordingly, we reject Mr. Sheridan's challenge to the substantive reasonableness of his sentence.

## III.  CONCLUSION

For the foregoing reasons, Mr. Sheridan's sentence is **AFFIRMED** and counsel's motion to withdraw is **GRANTED**.


Entered for the Court

Jerome A. Holmes
Circuit Judge