**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 16, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

WALTER L. GREGORY,

      Defendant - Appellant.

No. 08-3300

(D. Kansas)

(D.C. No. 04-CR-40132-RDR-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **ANDERSON**, and **BRISCOE**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this proceeding. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant and appellant Walter L. Gregory pled guilty in 2006 to being an unlawful user of a controlled substance in possession of a firearm, in violation of 18 U.S.C. § 922(g)(3). He was sentenced to fifteen months' imprisonment. The

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Bureau of Prisons released Gregory from custody on April 18, 2007, and he commenced service of two years of supervised release. When he violated the terms of his supervised release, his supervised release was revoked and he was sentenced to eight months' imprisonment, followed by one year of further supervised release. Arguing that the district court's articulated rationale for imposing the eight-month sentence was not supported by the record, Gregory argues his sentence was procedurally unreasonable. We affirm the sentence.

## BACKGROUND

On September 20, 2008, while Gregory was serving his term of supervised release for his initial offense of firearms possession, Gregory's probation officer filed a petition seeking to revoke Gregory's supervised release on the ground that, on September 17, 2008, Gregory had left the judicial district without the permission of the court or the probation officer.[1]  On October 16, 2008, the

---

[1]As the district court stated in its written order recording its oral ruling at sentencing:

> The violation report also charged defendant with three other violations to which defendant did not stipulate. Defendant was charged with violating the mandatory condition that defendant not commit another crime. This charge alleged that defendant was arrested near Bethany, Missouri on September 18, 2008 as a passenger in a vehicle containing a substantial amount of marijuana and cocaine. There were two other people in the vehicle. Defendant was charged with committing another crime on the basis of his arrest for driving under the influence in Kansas City, Missouri on July 20,

(continued...)

district court conducted a hearing on the allegation, at which Gregory stipulated that he had left the judicial district without permission. That constituted a Grade C supervised release violation.[2] The district court accepted Gregory's stipulation and revoked his supervised release.

In preparation for sentencing, the district court observed that Gregory's criminal history was a category III, which, with his Grade C violation, yielded an advisory Guidelines sentence of five to eleven months. When the court asked the parties to comment on sentencing, the government recommended that Gregory receive an eight-month sentence. Gregory proposed a "sentence of three months in the halfway house in Kansas City and then the remaining two months to be served on paper with no additional paper to follow." Tr. of Final Revocation Hr'g at 6, R. Vol. 2 at 9. He listed four reasons for the lighter sentence: (1) it was consistent with his relatively moderate fifteen-month sentence for his original crime; (2) it reflected the marginal gravity of the actual conduct; (3) it was

[1](...continued)
2008. Finally, defendant was alleged to have violated the special condition that he abstain from alcohol, again on the basis of the arrest for driving under the influence. No evidence was presented as to these alleged violations.

Order at 1-2, R. Vol. 1 at 28-29.

[2]Pursuant to United States Sentencing Commission, Guidelines Manual ("USSG") §7B1.1(a)(3), a Grade C violation of supervised release is "conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment of one year or less, or (B) a violation of any other condition of supervised release."

consistent with the Sentencing Commission's emphasis on non-prison sentences;

and (4) Gregory's individual circumstances justified a low sentence.

The court then imposed a sentence of eight months, and extended the period

of Gregory's supervised release by one year. The court explained its sentence as

follows:

> The highest . . . grade of violation is a C. The criminal history
> category is 3. The policy statement in this case would be five to 11
> months. I'm going to sentence the defendant to eight months in this
> case, and I'm going to place him on one year of supervised release
> following service of his sentence.
>     I've considered the nature and the circumstances of these
> violations, and the Court intends, of course, to revoke the
> defendant's supervised release and, as I've said, sentence him to
> eight months in confinement. The Court determines that the
> defendant has been around criminal conduct similar to the nature—
> to his original offense of conviction and has failed to comply with
> the supervised release conditions.

Tr. of Final Revocation Hr'g at 10-11, R. Vol. 2 at 13-14.

Gregory announced his objection to the sentence, arguing it was both

"substantively and procedurally unreasonable." Id. at 15. The gist of his

argument was that the court based its sentence on the allegation that Gregory was

caught in a car full of drugs, and thus that Gregory had been "around criminal

conduct similar to" his original offense. But, as the record indicates, Gregory

only actually stipulated to being outside the judicial district without permission,

and that was therefore the only record evidence of his supervised release

violation.  The government then inquired whether, in view of Gregory's procedural objection to the sentence, the Court could:

> state on the record whether or not it considered the Chapter 7 policy statements in coming to the sentence that it did and also whether it considered the 3553(a) factors in coming to the sentence that it did, including the defendant's characteristics, the nature of the . . . offense, the need for deterrence, the need for rehabilitation, et cetera. If the Court can make that statement on the record, I think that may clear up the procedural reasonableness challenge.

Id. at 15-16.  The district court responded, "I'm ready to make that statement, and I think that I have considered all of those things, and I want to continue the sentence as I have ordered it to be made."  Id. at 16.  In its written order, entered the next day, the court stated as follows:

> Defendant has a criminal history category of III.  The stipulated violation is a Grade C violation.  So under the policy statement of the Sentencing Guidelines the sentencing range is 5 to 11 months.  The court decided to sentence defendant to 8 months with a one-year term of supervised release.
> Prior to imposing sentence the court listened to government counsel recommend a sentence which was the same as that imposed by the court.  The court also listened to defense counsel argue that a lesser sentence should be imposed in light of:  the minor nature of the stipulated violation; the relatively minor nature of the offense of conviction; the trend toward seeking alternatives to incarceration; and the absence of evidence of a drug problem.
> When the court imposed the sentence in this matter the court indicated that one of the factors the court considered was that defendant had been "around" criminal activity.
> After imposition of sentence, defense counsel raised a procedural and substantive objection to the sentence.  The government counsel then asked the court to state for the record that the court had considered the Chapter 7 policy statements of the Guidelines and the factors listed in 18 U.S.C. § 3553.  The court

-5-

responded that those matters had been considered in rendering the sentence imposed by the court.

> The court reiterates that after considering the nature and circumstances of defendant's stipulated violation as well as defendant's criminal history, the policy statements of Chapter 7 of the Sentencing Guidelines and the factors listed in § 3553, the court believes a sentence in the mid-range suggested by the Guidelines is the appropriate sentence in this matter.

Order at 2-3, R. Vol. 1 at 29-30. This appeal followed.

## DISCUSSION

Gregory challenges his sentence as procedurally unreasonable, because he claims that the district court's only "articulated rationale" for the sentence—that Gregory had "been around criminal conduct similar to the nature [of] his original offense"—was not supported by the record. He appears to make no substantive challenge to the reasonableness of his sentence.

We review revocation sentences for procedural and substantive reasonableness. A district court imposes a procedurally reasonable revocation sentence when it properly considers the sentencing factors outlined in 18 U.S.C. § 3583(e), which incorporates several of the sentencing factors contained in 18 U.S.C. § 3553(a). See United States v. Contreras-Martinez, 409 F.3d 1236, 1242 & n.3 (10th Cir. 2005). A court must also consider the policy statements contained in Chapter 7 of the Guidelines in imposing a sentence following a revocation of supervised release. See United States v. Cordova, 461 F.3d 1184,

1188 (10th Cir. 2006) ("In imposing a sentence following revocation of supervised release, a district court is required to consider both Chapter 7's policy statements . . . as well as a number of the factors provided in 18 U.S.C. § 3553(a).") (citing United States v. Tedford, 405 F.3d 1159, 1161 (10th Cir. 2005); 18 U.S.C. § 3583(e)).  "We do not . . . require that the district court recite any magic words to show us that it fulfilled its responsibility to be mindful of the factors [in § 3553(a).]"  United States v. Chavez-Calderon, 494 F.3d 1266, 1268 (quotations omitted), cert. denied, 129 S. Ct. 185 (2008).

Gregory's argument is two-fold:  "First, factfinding which relies on evidence not in the record is clearly erroneous.  Second, a sentence that relies on clearly erroneous factfinding is unreasonable and must be reversed."  Appellant's Br. at 5.  We perceive no erroneous factfinding in the district court's imposition of the sentence in this case.  The district court noted that Gregory had "been around criminal conduct similar to" his original offense, but also noted that he had "failed to comply with the supervised release conditions."  Tr. of Final Revocation Hr'g at 11, R. Vol. 2 at 14.  There is no dispute that, as Gregory stipulated, he violated the terms of his supervised release by going outside the judicial district without permission.  Thus, even if it was error to refer to Gregory's proximity to drugs as "similar" to his prior criminal conduct and as some sort of factual "finding" supporting the sentence imposed, any such error was harmless. It is clear that the court sentenced Gregory for violating a term of

his supervised release, which he indisputably did. Furthermore, as the court indicated in response to the government's inquiry at the hearing, and as explicitly stated in the court's written order memorializing the sentence, the court considered the Chapter 7 policy statements and the appropriate § 3553(a) factors in reaching the sentence, which was in the middle of the advisory Guideline range. Procedural reasonableness requires nothing more.

## CONCLUSION

For the foregoing reasons, the sentence is AFFIRMED.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge