# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50892

United States Court of Appeals
Fifth Circuit

**FILED**

July 14, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOHN RODGER HUGHES,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:14-CR-72

Before JOLLY, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:*

Defendant-Appellant John Rodger Hughes ("Hughes") appeals his criminal sentence for using a cellular telephone and the Internet to knowingly transfer obscene matter to a minor under the age of sixteen, as prohibited by 18 U.S.C. § 1470. Hughes challenges the district court's imposition of a six-level sentence enhancement under U.S.S.G. § 2G3.1(b)(1)(D) (2013). We find no reversible error and AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50892

I.

The facts of the case are essentially undisputed. Hughes first encountered MV-1 on the Internet in 2009. Hughes and MV-1 frequently played the same online video game, which allowed them to converse using the in-game chat application. Hughes and MV-1 struck up an online friendship. At the time they first became acquainted, MV-1 was 11 or 12 years old and lived in Michigan, while Hughes was 16 or 17 years old and lived in Texas. MV-1 informed Hughes that she was under the age of 16.

Hughes's online relationship with MV-1 continued over the course of five years. As far as the record reflects, Hughes and MV-1 never met in person. As the years passed, Hughes's online interactions with MV-1 became increasingly sexual in nature. Hughes sent MV-1 pictures of his erect penis over the Internet on multiple occasions. In return, MV-1 sent Hughes pornographic images of her breasts, buttocks, and vagina. MV-1 sent Hughes so many nude photos of herself over a period of several years that she lost count. At Hughes's rearraignment hearing, he described this arrangement – whereby he and MV-1 would exchange images of their private parts – as "a mutual thing between us." When Hughes last sent a sexual image to MV-1, he was 20 years old and MV-1 was 15. At that time, Hughes knew that MV-1 was a minor below the age of 16.

In 2013, Hughes mailed MV-1 a wallet filled with cash so that MV-1 could repair her broken phone. MV-1's parents discovered the wallet and questioned her about it. She informed her parents about her interactions with Hughes. MV-1's father confiscated the wallet and the iPod Touch device that MV-1 used to communicate with Hughes and turned the items over to Homeland Security agents. The agents searched the iPod Touch and discovered hundreds of nude images of MV-1, as well as an image of Hughes's erect penis.

2

No. 14-50892

The agents traced the wallet back to Hughes's address and executed a search warrant at his house. In an interview with the agents, Hughes identified MV-1 as his girlfriend and admitted mailing her the cash-filled wallet. Hughes further admitted that he sent images of his penis to MV-1 and that MV-1 would send naked photographs to him in return. Hughes also admitted that he knew that MV-1 was a minor under the age of 16.

A grand jury charged Hughes in a one-count indictment with sending obscene material – specifically an image of his erect penis – to a minor under 16 years old. The indictment alleged that Hughes used a facility of interstate and foreign commerce – namely, a cellular telephone and the Internet – to knowingly transfer obscene matter to MV-1 with full knowledge that MV-1 had not yet attained the age of 16 years.

Hughes ultimately pleaded guilty to the indictment without a plea agreement. At his rearraignment hearing, Hughes swore under oath that all of the facts of the case described above were accurate.

A probation officer then prepared a presentence investigation report ("PSR"). The PSR recommended that Hughes's total offense level be increased by six levels pursuant to U.S.S.G. § 2G3.1(b)(1)(D), which applies when the offender distributes obscene matter to a minor "that was intended to persuade, induce, entice, or coerce the minor to engage in illegal activity" other than "prohibited sexual conduct."

Hughes timely objected to the six-level enhancement. Hughes disputed that he intended MV-1 to commit illegal activity. Hughes further contended that, because MV-1 lived in Michigan and he lived in Texas, "[t]he distance between Hughes and the minor militates against the specific offense characteristic."

In response, the probation officer argued that the six-level enhancement was proper. The probation officer reasoned that

3

No. 14-50892

the defendant sent obscene material to [MV-1] in an effort to persuade, induce, entice, or coerce the minor to engage in illegal activity, specifically the production and distribution of child pornography. Hughes admitted to sending images of his penis to [MV-1] via the Skype application. He would, in turn, receive sexual images from [MV-1], where she would expose her vagina and breasts.

At Hughes's sentencing hearing, the district court adopted the PSR in its entirety. The court found by a preponderance of the evidence that Hughes sent MV-1 the image of his penis to persuade, induce, or entice her to produce child pornography and send it to him. The court therefore overruled Hughes's objection and applied the six-level enhancement. The court sentenced Hughes to 18 months imprisonment and ten years supervised release.

Hughes now appeals that sentence. He challenges only the district court's imposition of the six-level enhancement under U.S.S.G. § 2G3.1(b)(1)(D).

## II.

When reviewing a criminal sentence, we first consider whether the district court committed a significant procedural error, such as improperly calculating the Guidelines range.[1] We review the district court's interpretation and application of the Sentencing Guidelines *de novo*[2] and its factual findings for clear error.[3] Even if the district court commits a procedural error, we will not reverse the sentence if the error is harmless.[4] Then, if the district court

---

[1] *United States v. Delgado-Martinez*, 564 F.3d 750, 751 (5th Cir. 2009) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)).

[2] *United States v. Pringler*, 765 F.3d 445, 451 (5th Cir. 2014) (citing *United States v. Richardson*, 713 F.3d 232, 237 (5th Cir. 2013)).

[3] *Id.* (citing *United States v. Serfass*, 684 F.3d 548, 550 (5th Cir. 2012)).

[4] *See Delgado-Martinez*, 564 F.3d at 752-53 (citations omitted).

No. 14-50892

committed no significant procedural error, we review the substantive reasonableness of the sentence for abuse of discretion.[5]

III.

For the reasons explained below, even though the district court made no clearly erroneous factual findings, it committed a procedural error when calculating Hughes's Guideline sentence. Reviewing the district court's interpretation and application of the Guidelines *de novo*, we conclude that the district court applied the wrong subsection of the Guidelines. Nevertheless, that error was harmless because it enured to Hughes's benefit. We therefore affirm Hughes's sentence.

The district court did not clearly err when it found by a preponderance of the evidence that Hughes transmitted an obscene picture of his genitals to MV-1 in an attempt to persuade, entice, or induce her to produce child pornography and send it to him. First, the district court could reasonably conclude that at least some[6] of the images MV-1 created and distributed to Hughes constitute child pornography because they depict the "lascivious exhibition" of MV-1's genitals or pubic area.[7] Furthermore, the district court could reasonably conclude that Hughes sent MV-1 the obscene picture of his penis to entice, persuade, or induce her to create child pornography. Hughes admitted at his rearraignment hearing that his arrangement to exchange nude

---

[5] *Id.* at 751 (quoting *Gall*, 552 U.S. at 51).

[6] The pictures of MV-1's breasts and buttocks might not constitute child pornography. *See United States v. Johnson*, 639 F.3d 433, 438 (8th Cir. 2011). However, the images of MV-1's genitals and pubic area clearly fall within the statutory definition.

[7] *See* 18 U.S.C. § 2256(8)(A) (defining child pornography); *id.* § 2256(2)(A)(v) (defining "sexually explicit conduct" to include the "lascivious exhibition of the genitals or pubic area"); *United States v. Grimes*, 244 F.3d 375, 380 (5th Cir. 2001) (citations omitted) (articulating standard governing whether a visual depiction of a minor's genitals or pubic area is "lascivious").

pictures was "a mutual thing between us," whereby Hughes would send MV-1 pictures of his genitals and ask her to reciprocate. Thus, the district court's factual findings were not clearly erroneous.

However, we must also consider whether the production of child pornography constitutes "illegal activity[] *other than illegal activity covered under subdivision (E)*," as required by U.S.S.G. § 2G3.1(b)(1)(D).[8] Subdivision (E) of § 2G3.1(b)(1) governs the distribution of obscene matter to a minor with the intent to "persuade, induce, entice, coerce, or facilitate the travel of, the minor to engage in *prohibited sexual conduct*."[9] If persuading or enticing MV-1 to produce pornographic pictures of herself constituted "prohibited sexual conduct," then U.S.S.G. § 2G3.1(b)(1)(E), not (D), governs this case, and the district court committed a procedural error by imposing an inapplicable enhancement. This is a legal question that we review *de novo*.[10]

We conclude that enticing and persuading a minor victim to produce child pornography does indeed constitute "prohibited sexual conduct" within the meaning of U.S.S.G. § 2G3.1(b)(1)(E). For the purposes of § 2G3.1, "'[p]rohibited sexual conduct' has the meaning given that term in Application Note 1 of the Commentary to § 2A3.1" of the Sentencing Guidelines,[11] which "includes the production of child pornography."[12] Thus, because Hughes distributed obscene matter to MV-1 to encourage her to produce child pornography, he induced, enticed, or persuaded her to engage in prohibited

---

[8] (Emphasis added.).

[9] (Emphasis added.).

[10] *See Pringler*, 765 F.3d at 451 (citing *Richardson*, 713 F.3d at 237).

[11] U.S.S.G. § 2G3.1, application note 1 (2013).

[12] *Id.* § 2A3.1, application note 1. We note that "prohibited sexual conduct . . . does *not* include trafficking in, or possession of, child pornography." *Id.* We need not decide whether MV-1's *distribution* of child pornography to Hughes or Hughes's *possession* of that pornography would warrant the subdivision (E) enhancement, because it is sufficient that Hughes induced, persuaded, or enticed MV-1 to *produce* the pornographic images.

sexual conduct. Because U.S.S.G. § 2G3.1(b)(1)(D) only governs illegal activity *other than* prohibited sexual conduct, the district court should not have imposed an enhancement under that subsection.

Nevertheless, the district court's procedural error was harmless.[13] If the district court had applied the U.S.S.G. § 2G3.1(b)(1)(E) enhancement as it should have, it would have increased Hughes's offense level by *seven* levels, not six.[14] Because the district court's procedural error benefited Hughes, we find no reversible error.[15]

AFFIRMED.

---

[13] *See Delgado-Martinez*, 564 F.3d at 752-53 (citations omitted).

[14] *Compare* U.S.S.G. § 2G3.1(b)(1)(E) (2013) *with id.* § 2G3.1(b)(1)(D).

[15] *Cf. United States v. Sheridan*, 304 F. App'x 742, 745 (10th Cir. 2008) ("[I]t is beyond peradventure that Mr. Sheridan persuaded, induced, or enticed a minor to engage in *some* illegal activity. Assuming *arguendo* that the district court erred in applying the Guidelines enhancement, it actually did so by not adjusting Mr. Sheridan's offense level *high enough.* The district court seemingly should have applied the seven level increase for intending to induce a minor to engage in prohibited sexual conduct. It goes without saying that Mr. Sheridan cannot benefit from such an error." (emphasis in original, internal citations omitted)).