# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 5, 2014

Lyle W. Cayce
Clerk

No. 14-60228
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

VICKI L. BERRY,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:13-CR-74-1

Before SMITH, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Vicki L. Berry pleaded guilty to theft, over a period of approximately 12 years, of Social Security Administration (SSA) payments intended for the benefit of her minor sons, a violation of 18 U.S.C. § 641 ("Whoever embezzles, steals, purloins, or knowingly converts to his use or the use of another . . . any record, voucher, money, or thing of value of the United States or of any department or agency thereof . . . [s]hall be fined under this title or imprisoned

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

not more than ten years . . . .").  She challenges her sentence of, *inter alia*, six months' imprisonment, as well as being required to pay approximately $82,000 in restitution to the SSA.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the court must still properly calculate the advisory Guidelines-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Berry claims the court committed procedural error by miscalculating the loss caused by her offense, pursuant to Guideline § 2B1.1(b)(1) ("If the loss exceeded  $5,000, increase  the offense level as follows:   More  than  $70,000 [, but  less  than  $120,000,]  add  8".).   As  referenced  above,  factual determinations in calculating loss-amount are reviewed for clear error. *United States v. Murray*, 648 F.3d 251, 254 (5th Cir. 2011) (citing *United States v. Setser*, 568 F.3d 482, 496 (5th Cir. 2009)).  But, "to the extent the district court's methodology for calculating losses involves an application of the [G]uidelines, we review such legal conclusions *de novo*".  *Id*. (citing *United States v. Goss*, 549 F.3d 1013, 1016 (5th Cir. 2008).  Pursuant to our review of the record, the court did not clearly err in determining the loss amount.  *E.g., United States v. Simpson*, 741 F.3d 539, 556–57 (5th Cir.), *cert. denied*, 134 S. Ct. 2320 (2014).

In any event, the district court stated it would select the same sentence, for the same reasons, even if it miscalculated the Guidelines-sentencing range. Thus, assuming *arguendo* the court clearly erred, it was nevertheless harmless.  *See United States v. Richardson*, 713 F.3d 232, 237 (5th Cir.), *cert.*

No. 14-60228

*denied*, 134 S. Ct. 230 (2013); *United States v. Richardson*, 676 F.3d 491, 512 (5th Cir. 2012).

Additionally, Berry contends the restitution award exceeds the loss caused. She asserts the district court ignored evidence supporting her position. The propriety of a restitution award is reviewed for abuse-of-discretion. *United States v. Hughey*, 147 F.3d 423, 436 (5th Cir. 1998) (citation omitted).

The record shows the court did not abuse its discretion. *E.g., United States v. Aubin*, 87 F.3d 141, 150 (5th Cir. 1996); *see also* 18 U.S.C. § 3664(a). The court was aware of conflicts in the evidence presented at the sentencing hearing but, taking into account the demeanor and credibility of the witnesses among other things, resolved them in favor of the Government. Further, Berry fails to show that, in resolving the conflicting evidence, the court relied on information that was materially untrue. *E.g., United States v. Ocana*, 204 F.3d 585, 593 (5th Cir. 2000).

AFFIRMED.