# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 9, 2011

No. 10-60554

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ADAM LYNDE,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:09-CR-108-1

Before KING, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Adam Lynde pleaded guilty to possession of child pornography under 18 U.S.C. § 2252A(a)(5)(B). Adopting the presentence report (PSR), the district court sentenced him to 46 months' imprisonment. Lynde appeals the district court's application of the Sentencing Guidelines. Finding no error, we **AFFIRM**.

## I.    FACTS

Lynde was charged with a single count of knowingly possessing "a USB storage device and a computer containing graphic computer image files of child

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

pornography, that had been shipped and transported in interstate and foreign commerce . . . in violation of [18 U.S.C. § 2252A(a)(5)(B)]." He pleaded guilty to the sole count pursuant to a written plea agreement that did not contain a waiver-of-appeal provision.

After Lynde's guilty plea, a probation officer prepared a PSR calculating a recommended sentencing range under the Sentencing Guideines. Lynde's PSR recommended a base offense level for Lynde of 18, pursuant to USSG § 2G2.2(a)(1). It also recommended: (1) a two-level enhancement under USSG § 2G2.2(b)(2) because the child pornography involved minors under 12; (2) a two-level enhancement under USSG § 2G2.2(b)(6) because the offense involved the use of a computer; and (3) a four-level enhancement under USSG § 2G2.2(b)(7)(C) because the offense involved between 300 and 600 images of child pornography. The PSR also recommended a three-level reduction in offense level for acceptance of responsibility, resulting in a total offense level of 23. Combined with his criminal history category of I, Lynde's Guidelines sentencing range was 46 to 57 months.

Prior to sentencing, Lynde raised several objections to the PSR's suggested enhancements, including arguments that the evidence did not support enhancements under § 2G2.2(b)(2) and § 2G2.2(b)(7)(C). At the sentencing hearing, however, Lynde's counsel stated: "I've withdrawn all of my objections," with the exception of his objection to the PSR's recommendation of a two-level enhancement for using a computer in the offense. Lynde argued that the Government was "double-dipping" by first charging him with possessing a computer with child pornography and then seeking an enhancement based on the use of the computer in the offense. The district court rejected Lynde's objection, adopted the PSR, including the three recommended enhancements, and sentenced Lynde to a within-Guidelines 46-month term of imprisonment. Lynde timely filed a notice of appeal.

No. 10-60554

## II. DISCUSSION

Lynde raises three arguments on appeal. He first argues that the district court "constructively amended" his indictment by applying the § 2G2.2(b)(2) and § 2G2.2(b)(7)(C) enhancements because the indictment did not allege that he possessed 300 to 600 images of alleged minors under the age of 12. Lynde did not make this argument below, so we review it for plain error. *See United States v. Cabral-Castillo*, 35 F.3d 182, 188-89 (5th Cir. 1994). Lynde's argument fails under any standard of review, however, because he cannot show an error.

"A constructive amendment occurs when the government changes its theory during trial so as to urge the jury to *convict* on a basis broader than that charged in the indictment, or when the government is allowed to prove an essential element of the crime on an alternative basis permitted by the statute but not charged in the indictment." *United States v. Robles-Vertiz*, 155 F.3d 725, 728 (5th Cir. 1998) (emphasis added) (quotation marks and citation omitted). 18 U.S.C. § 2252A(a)(5)(B) criminalizes "knowingly possess[ing] . . . any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography" that has been transported in interstate commerce. Lynde was indicted for possessing "a USB storage device and a computer containing graphic computer image files of child pornography" that had been transported in interstate commerce. During his plea colloquy, Lynde agreed with the Government's factual basis, which stated: (1) that Lynde had possessed a USB flash drive and a computer containing images of child pornography and (2) that the USB flash drive and computer had traveled in interstate commerce. Because Lynde's guilty plea was based on his indictment, his indictment was not constructively amended.

Lynde's constructive amendment argument is actually an argument that it was improper for the district court to base his sentence "upon a *set of facts* that differ dramatically for those ple[aded] to by the appellant." This argument is

3

No. 10-60554

also without merit. "Elements of a crime must be charged in an indictment and proved to a jury beyond a reasonable doubt. Sentencing factors, on the other hand, can be proved to a judge at sentencing by a preponderance of the evidence." *United States v. O'Brien*, 130 S.Ct. 2169, 2174 (2010) (internal citations omitted). The district court did not err by basing Lynde's sentence on facts contained in the PSR but not in the indictment.

Lynde next argues that his sentence was procedurally unreasonable because the § 2G2.2(b)(2) and § 2G2.2(b)(7)(C) enhancements were "totally unsupported" by any evidence.[1] We review the reasonableness of a sentence for abuse of discretion. *United States v. Hernandez*, 633 F.3d 370, 375 (5th Cir. 2011). A sentence is procedurally unreasonable if it is based on clearly erroneous facts. *Id.* But Lynde expressly withdrew his objections to the evidentiary support for the PSR's recommended enhancements. A defendant's withdrawal of an objection constitutes the waiver of that objection. *United States v. Musquiz*, 45 F.3d 927, 931 (5th Cir. 1995). "Waived errors are entirely unreviewable, unlike forfeited errors, which are reviewable for plain error." *Id.* Lynde's waiver renders his argument unreviewable on appeal. But we note that, even if Lynde's argument was not waived, Lynde expressly agreed during his plea colloquy with the Government's assertion that he had possessed a total of 67 images and four video files of child pornography and that many of these images were of children who, in the opinion of the examiner of Lynde's computer, appeared to be under the age of twelve. According to the Guidelines, each video file containing child pornography is the equivalent of 75 images. USSG § 2G2.2

---

[1] Lynde also briefly argues that the district court failed to make proper findings as to why he was not eligible for a two-level reduction under USSG § 2G2.2(b)(1)(C) for inadvertent trafficking in child pornography. Lynde failed to raise this argument below and adequately brief the issue on appeal, so it is waived. *See United States v. Thames*, 214 F.3d 608, 612 n.3 (5th Cir. 2000). In any case, USSG § 2G2.2(b)(1)(C) would not apply to Lynde because he was charged with *possessing*, not trafficking or distributing, child pornography.

No. 10-60554

App. Note 4(B)(ii). Thus, Lynde admitted to possessing 367 images of child pornography. The district court's factual findings that Lynde had possessed 300 to 600 images of child pornography and that the images involved children under 12 were not clearly erroneous, and Lynde's sentence was not procedurally unreasonable.[2]

Lynde finally challenges the district court's application of a two-level enhancement under USSG § 2G2.2(b)(6) for using a computer during the offense. He argues that the enhancement represented "unauthorized double counting" of the computer because his indictment alleged that he possessed the computer containing child pornography and therefore the computer was already included in his base offense level under USSG § 2G2.2(a)(1). But we have recognized that the Guidelines do not contain a general prohibition against double-counting. *United States v. Calbat*, 266 F.3d 358, 364 (5th Cir. 2001). Instead, double-counting is prohibited only if it is specifically forbidden by the particular Guideline at issue. *Id.* "The prohibition must be in express language." *Id.* Even assuming for the sake of argument that the application of USSG § 2G2.2(b)(6) double-counts Lynde's computer use, USSG § 2G2.2(b)(6) does not expressly prohibit double-counting. The district court did not err in applying § 2G2.2(b)(6)'s two-level enhancement in calculating Lynde's sentence.

III. CONCLUSION

For the foregoing reasons, Lynde's sentence is **AFFIRMED**.

---

[2] Lynde also argues that the district court should have applied USSG § 2G2.4(b)(2), but USSG § 2G2.4 was deleted in 2004.