# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 1, 2013

No. 11-20773

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BENNIE E. RICHARDSON, IV,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before DAVIS, GRAVES, and HIGGINSON, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Bennie E. Richardson, IV ("Richardson") challenges his conviction for distribution of child pornography, arguing that he did not "distribute" child pornography by storing images in a shared folder accessible on a peer-to-peer computer network. Richardson also asserts that the district court erred in applying a two-level enhancement under U.S.S.G. § 2G2.2(b)(6) based on the use of a computer. For the reasons more fully set forth below, we AFFIRM.

No. 11-20773

I.

Richardson challenges his conviction and sentence following a bench trial on stipulated facts. The parties stipulated to the following. On July 14, 2008, Lieutenant M. Gray, the Unit Commander for the Houston Metro Internet Crimes Against Children Task Force, entered a peer-to-peer network using undercover software to locate and identify individuals making child pornography available to others online. Lieutenant Gray searched for shared files accessible to the general public using common search terms associated with child pornography. Lieutenant Gray located a user in Pasadena, Texas, offering a large variety of videos that, by their titles, appeared to be child pornography. He proceeded to download a video of child pornography from the user, ultimately identified as Bennie Richardson.

On July 25, 2008, a search warrant was executed on the Pasadena residence where Richardson, along with two other individuals, resided. Richardson was found upstairs, standing in front of a computer when officers entered. Police found LimeWire—a peer-to-peer file-sharing program—running with files being actively transferred to Richardson's computer.[1]

Peer-to-peer file sharing is a means of Internet communication utilizing software that lets users exchange digital files through a network of linked computers. Users access peer-to-peer networks by downloading the peer-to-peer software from the Internet; this software is used exclusively for sharing digital files. Generally, after a user downloads or installs the software, either the user selects a folder to store downloaded files or the installation program designates the shared folder as the default folder into which files are automatically downloaded. Files that are downloaded into the shared folder (or downloaded into a separate folder but later placed into the shared folder) are available to

---

[1] Forensic examination revealed that the files that were completely transferred in this instance were adult pornography.

2

anyone on the peer-to-peer network for downloading. Someone interested in sharing child pornography with other peer-to-peer network users need only leave or place such files in his shared folder, which other users may then access by searching for relevant terms and phrases.

The peer-to-peer program is structured so as to incentivize the sharing of files. As stipulated to by the parties:

> Most [peer-to-peer] software gives each user a rating based on the number of files he/she is contributing to the network. This rating affects the user's ability to download files. The more files a user is sharing, the greater his/her ability is to download files. This rating system is intended to encourage users to "share" their files, thus propagating the [peer-to-peer] network.

As a result, a user's ability to download files hinges in part on the number of files the user contributes to the network.

In this instance Richardson's "shared" file on LimeWire contained 144 videos; the videos were determined to be known child pornography. Police also examined two computer hard drives owned by Richardson; each contained images and videos of children under the age of 18 participating in sexual activities.

Richardson admitted that he was the only person in the home using the computer in his room and that none of the residents knew of his activities involving child pornography; that he was a computer technician and was very knowledgeable about computers; that he was familiar with common search terms associated with child pornography; that he installed LimeWire on his computer; and that he knew that what was in his "shared" folder was made available to others through file sharing.

3

No. 11-20773

Following the bench trial on stipulated facts,[2] Richardson was found guilty of distribution of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(B) and 2252A(b)(1) (Count 1) and possession of child pornography involving the sexual exploitation of minors in violation of 18 U.S.C. §§ 2252A(a)(5)(B), 2252A(b)(2), and 2256(8)(A) (Count 2). After the district court granted Richardson's request for a two-level acceptance of responsibility decrease and varied down one additional level, Richardson had a total offense level of 34 and a criminal history category of I, producing a Guidelines range of 151 to 188 months. The district court imposed a sentence of 151 months on Count 1 and 120 months on Count 2 (to run concurrently). The district court stated that even if its calculation under the Guidelines was incorrect, it would still impose the same sentence.

## II.

Richardson first argues that his conduct did not amount to "distribution" under the statute.[3] We review a claim of statutory interpretation de novo. *United*

---

[2] The parties had a bench trial on stipulated facts solely to preserve the issue of whether Richardson's conduct constituted distribution. Thus Richardson did not contest any of the underlying facts in this case, only the legal definition of "distributes" and whether his conduct meets that definition.

This approach is not controverted on appeal, hence we express no opinion as to the propriety of a "stipulated bench trial" rather than a conditional guilty plea as a procedural vehicle that preserves an issue for appeal or how such an approach conforms with the Federal Rules of Criminal Procedure, notably Rules 11 and 23, as well as with double jeopardy doctrine.

[3] While Richardson frames his argument as an inquiry into whether there was sufficient evidence that he committed the offense (and thus articulates that the standard of review is whether the finding of guilty is supported by substantial evidence), Richardson's real challenge is that what he did failed to amount to distribution, an element of the offense. Thus, the appeal presents an underlying issue of statutory construction. *See United States v. Saldana*, 427 F.3d 298, 306 n.21 (5th Cir. 2005) (noting that although posited as a sufficiency challenge, the defendants' real challenge was that their actions were not prohibited by any statute); *cf. United States v. Compian-Torres*, No. 11-10921, ---F.3d---,2013 WL 1135808, at *2 (5th Cir. Mar. 19, 2013) (addressing, but not resolving, the question of which standard of review is appropriate when a challenge to the sufficiency of the evidence masks a purely legal question).

*States v. Clayton*, 613 F.3d 592, 595 (5th Cir. 2010). Section 2252A(a)(2)(B) provides, in relevant part:

> (a) Any person who—
>
>     . . . .
>
>     (2) knowingly receives or distributes—
>
>         . . . .
>
>         (B) any material that contains child pornography that has been mailed, or using any means or facility of interstate or foreign commerce shipped or transported in or affecting interstate or foreign commerce by any means, including by computer;
>
>         . . . .
>
>     shall be punished . . . .

18 U.S.C. § 2252A(a)(2)(B) (2006).

Noting that § 2252A does not define "distributes," Richardson argues that the plain meaning of the word is "to deliver." He cites an Eleventh Circuit Pattern Jury Instruction, which reads: "To 'distribute' something means to deliver or transfer possession of it to someone else, with or without any money involved in the transaction." ELEVENTH CIRCUIT PATTERN JURY INSTRUCTIONS (CRIMINAL CASES) 83.4A (2010). Richardson alleges that there is no evidence that he actually delivered or transferred possession of his child pornography to another person; rather, he installed LimeWire on his computer, downloaded materials that included child pornography, and then, unbeknownst to him, an undercover officer downloaded a video from Richardson's computer. Richardson contends that he did not control whether or not others would download files from his account; he merely kept files in a "shared folder," such that others could gain access to the files on the computer only if they affirmatively initiated a download. He maintains that storing files on a peer-to-peer network in this manner is akin to leaving magazines containing child pornography in a public location: while anyone would be able to pick up the magazines or even take

them, his act of leaving the magazines has not actually transferred possession of the magazines.

We recognize that we have not yet addressed the issue of whether placing items in a shared folder on a peer-to-peer program may constitute distribution for purposes of the statute. We have, however, numerous times held that use of a peer-to-peer program can constitute distribution for the purposes of U.S.S.G. § 2G2.2(b)(3)(B).[4] For example, in *United States v. Powers* we stated: "Powers used a peer-to-peer program on his computer to obtain images of child pornography and, also, to make the images available to others. Under the Guidelines, making the images available to others constitutes distribution and may be accounted for as relevant conduct." 379 F. App'x 347, 348 (5th Cir. 2010).[5]

Other circuits have squarely addressed this issue, and we find the reasoning of the Tenth Circuit in *United States v. Shaffer* persuasive. 472 F.3d 1219 (10th Cir. 2007). In *Shaffer*, the defendant downloaded images and videos from a peer-to-peer computer network and stored them in a shared folder on his computer which was accessible to other users of the network. *Id.* at 1220-21. Shaffer was convicted of distribution of child pornography and argued on appeal—as Richardson does here—that he did not "distribute" child pornography because he did not actively transfer possession to another; rather he was only a passive participant in the process. *Id.* at 1223. The Tenth Circuit rejected this argument, concluding that Shaffer "distributed child pornography in the sense

---

[4] U.S.S.G. § 2G2.2(b)(3)(B) provides for an increase of five levels where an offense involving the sexual exploitation of a minor involved: "*Distribution* for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain . . . ." (emphasis added).

[5] *See, e.g., United States v. Onken*, 440 F. App'x 304, 305 (5th Cir. 2011) ("[Defendants] were sophisticated users of computers and the file-sharing program who knowingly made their child pornography files available to others and obtained child pornography files from the file-sharing network. . . . The district court did not err in finding that they distributed child pornography . . . ."); *see also United States v. Burman*, 666 F.3d 1113, 1118-19 (8th Cir. 2012).

of having 'delivered,' 'transferred,' 'dispersed,' or 'dispensed' it to others." *Id.* The court compared Shaffer's role in the process to that of the owner of a self-service gas station:  although the owner might not be present and does nothing when a motorist purchases gas at the pump, the gas station owner distributes gasoline just as a computer user on a peer-to-peer network distributes child pornography—by making the material available for other users on the network just as the gasoline is available to passing motorists.[6] *Id.* at 1223-24.

The First Circuit reached the same conclusion in *United States v. Chiaradio*, stating:  "When an individual consciously makes files available for others to take and those files are in fact taken, distribution has occurred," and "[t]he fact that the defendant did not actively elect to transmit those files is irrelevant." 684 F.3d 265, 282 (1st Cir. 2012).[7]

Such is the case here. We agree with the conclusions set forth in *Shaffer* and *Chiaradio*, and we conclude that downloading images and videos containing child pornography from a peer-to-peer computer network and storing them in a shared folder accessible to other users on the network amounts to distribution under § 2252A(a)(2)(B) under the stipulated facts in this case. Considering that Richardson was a computer technician with computer experience, he affirmatively downloaded the LimeWire program, he maintained 144 videos of child pornography in his shared folder, he knew that others could access the

---

[6] We note that the owner of a gas station, unlike a passive user on a peer-to-peer file-sharing network, affirmatively places a product into the marketplace and expects remuneration. We note as well that the sale of gas, a tangible good, entails a transfer of possession, whereas the transmittal of digital child pornography, an intangible good, does not. That the Tenth Circuit's analogy is not a perfect one, however, does not in any way upset our confidence in its interpretation of the statute.

[7] *See also United States v. Budziak*, 697 F.3d 1105, 1108-10 (9th Cir. 2012) (holding that the placement of child pornography in a shared folder on a peer-to-peer network constitutes distribution of child pornography); *United States v. Collins*, 642 F.3d 654, 656-57 (8th Cir. 2011) (same).

No. 11-20773

materials stored in his shared folder, and Lieutenant Gray actually downloaded one such video, the evidence was sufficient to support a finding that Richardson distributed child pornography in violation of § 2252A(a)(2)(B).

III.

Richardson also argues that the application of the two-level enhancement under U.S.S.G. § 2G2.2(b)(6) constituted unwarranted double-counting because the statute of conviction contemplates the use of a computer to commit the crime as one of the elements of the offense, and therefore the computer was already included in his base offense level.[8] We review a district court's interpretation and application of the Sentencing Guidelines de novo. *United States v. Valenzuela-Quevedo*, 407 F.3d 728, 731 (5th Cir. 2005).

Although § 2252A(a)(2)(B) provides that the offense can be committed by "any means or facility of interstate or foreign commerce . . . including by computer," § 2G2.2(b)(6) does not expressly forbid double-counting. In *United States v. Calbat* we held that the Guidelines do not contain a general prohibition against double-counting; rather, double-counting is prohibited only if the relevant Guideline expressly forbids it. 266 F.3d 358, 364 (5th Cir. 2001). Because § 2G2.2(b)(6) does not expressly prohibit double-counting, the district court did not err in applying § 2G2.2(b)(6).[9]

We also note that the statutory language "including by computer" does not *require* computer use to violate the statute: using a computer is just one example of a manner in which child pornography can be transmitted, and

---

[8] U.S.S.G. § 2G2.2(b)(6) provides: "If the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material, or for accessing with intent to view the material, increase by 2 levels."

[9] *See also United States v. Desadier*, No. 11-31110, 2012 WL 5285102, at *2 (5th Cir. Oct. 26, 2012) (finding district court's application of § 2G2.2(b)(6) did not constitute impermissible double-counting); *United States v. Lynde*, 428 F. App'x 334, 338 (5th Cir. 2011) (same).

No. 11-20773

Richardson would have violated the statute had he transported child pornography "by any means" affecting interstate commerce. *See* 18 U.S.C. § 2252A(a)(2)(B). As the Sixth Circuit noted in *United States v. Lewis*, "because Lewis could have violated the statute without using a computer, we cannot say that computer use is an element of the crime," and the use of a computer "may serve as an offense characteristic affecting the determination of his sentence [and] may result in an additional sentence enhancement." 605 F.3d 395, 403 (6th Cir. 2010).

And further, any error in calculating the total offense level was harmless, given the district court's clear statements that it would have imposed the same sentence regardless of the correctness in the calculation.

## IV.

Finding no error, the judgment of the district court is AFFIRMED.