# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-41241

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

DAVID PAUL ROETCISOENDER,

Defendant–Appellant.

United States Court of Appeals
Fifth Circuit

**FILED**

July 2, 2015

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Southern District of Texas

Before SMITH, PRADO, and OWEN, Circuit Judges.

PRISCILLA R. OWEN, Circuit Judge:

A jury convicted David Paul Roetcisoender of two counts of distribution of child pornography and one count of possession of child pornography. On appeal, Roetcisoender challenges the sufficiency of the evidence supporting his convictions for distribution, the application of a two-level sentencing enhancement for use of a computer, and the application of a two-level sentencing enhancement for distribution. Because the evidence is sufficient to support his convictions for distribution, and his sentencing arguments are foreclosed by prior precedent, we affirm.

No. 13-41241

**I**

The Pearland, Texas Police Department operates software that monitors file-sharing programs and detects IP addresses that store files known to contain child pornography. The software identified an IP address in Pearland, and Detective Cecil Arnold subpoenaed Comcast, the Internet service provider, for the account holder's information. Arnold and other officers obtained and executed a search warrant for the account holder's residence, where Roetcisoender also resided. When Roetcisoender arrived, he admitted to having child pornography on his computers. After onsite triage revealed the presence of child pornography on some of Roetcisoender's devices, the officers arrested Roetcisoender and seized two computers and multiple external hard drives and flash drives for further analysis. Officer Jonathan Cox, a computer forensic investigation officer, examined the computers and other hardware and found over 100,000 pornographic images of minors and over 2,000 videos of child pornography.

Roetcisoender told the police he had been downloading child pornography through eMule, a program that facilitates file sharing between users. Users can search for images and videos using key words and choose which files to download. The downloaded files go, by default, into a folder titled "Incoming." The "Incoming" folder is, by default, available for sharing with other eMule users online. As part of his analysis, Cox retrieved a file that documents every file that has been downloaded by the eMule user and every file that has been uploaded to another eMule user from the original user's folder. This file revealed that two child-pornography files were uploaded to other users from Roetcisoender's "Incoming" folder.

Following a jury trial, Roetcisoender was convicted of two counts of distribution of child pornography under 18 U.S.C. § 2252A(a)(2)(B) and one

No. 13-41241

count of possession of child pornography under 18 U.S.C. § 2252A(a)(5)(B).[1] He was sentenced to 163 months in prison, eight years of supervised release, and a $300 special assessment.  Roetcisoender appeals his convictions for distribution of child pornography and his sentence.

## II

When a defendant timely moves for a judgment of acquittal, as Roetcisoender did,[2] this court reviews de novo a defendant's challenge to the sufficiency of the evidence supporting conviction.[3] However, this court's review of the sufficiency of the evidence is "highly deferential to the verdict."[4] "The jury's verdict will be affirmed unless no rational jury, viewing the evidence in the light most favorable to the prosecution, could have found the essential elements of the offense to be satisfied beyond a reasonable doubt."[5] This review

---

[1] 18 U.S.C. §§ 2252A(a)(2)(B) (prohibiting "knowing[] recei[pt] or distribut[ion of] . . . any material that contains child pornography that has been mailed, or using any means or facility of interstate or foreign commerce shipped or transported in or affecting interstate or foreign commerce by any means, including by computer"), (a)(5)(B) (prohibiting "knowing[] possess[ion of] . . . any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer").

[2] *See United States v. Davis,* 690 F.3d 330, 336 (5th Cir. 2012) ("[W]here a defendant moves for a judgment of acquittal at the end of the Government's case but, *after presenting evidence*, fails to renew that motion, the defendant has forfeited his insufficiency challenge and our review is for a manifest miscarriage of justice." (emphasis added) (internal quotation marks omitted)).

[3] *United States v. Beacham*, 774 F.3d 267, 272 (5th Cir. 2014).

[4] *Id.* (quoting *United States v. Isgar*, 739 F.3d 829, 835 (5th Cir. 2014)) (internal quotation marks omitted).

[5] *Id.* (quoting *United States v. Miles*, 360 F.3d 472, 476 (5th Cir. 2004)) (internal quotation marks omitted).

No. 13-41241

necessarily requires consideration of evidence that countervails the verdict.[6] This court draws all reasonable inferences in favor of the jury's verdict.[7]

We review "the district court's interpretation and application of the sentencing guidelines de novo and its findings of fact for clear error."[8]

## III

Roetcisoender was convicted under 18 U.S.C. § 2252A(a)(2)(B), which states:

> (a) Any person who--
>
> . . .
>
> (2) knowingly receives or distributes--
>
> . . .
>
> (B) any material that contains child pornography that has been mailed, or using any means or facility of interstate or foreign commerce shipped or transported in or affecting interstate or foreign commerce by any means, including by computer;
>
> . . .
>
> shall be punished . . . .[9]

The jury instructions defined "knowingly" as "voluntarily and intentionally, not because of mistake or accident" and "distribute" as "to deliver or transfer possession of [something] to someone else with or without any financial interest in the transaction." While the statute itself does not define distribute, this court held in *United States v. Richardson* that storing files in a shared folder accessible to others on a file-sharing program constituted distribution

---

[6] *United States v. Davis*, 735 F.3d 194, 198 (5th Cir. 2013).

[7] *Beacham*, 774 F.3d at 272.

[8] *United States v. Baker*, 742 F.3d 618, 620 (5th Cir. 2014) (citing *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008)).

[9] 18 U.S.C. § 2252A(a)(2)(B).

for purposes of § 2252A(a)(2)(B) under the facts of that case.[10]  In *Richardson*, the defendant used a peer-to-peer file-sharing program to download child-pornography videos and stored the videos in a shared folder.[11]  The defendant was a computer technician and admitted he "knew that others could access the materials stored in his shared folder."[12]

Roetcisoender argues that his case is distinguishable because although he stored files in a shared folder, the Government did not adduce any evidence indicating that Roetcisoender knew the folder was accessible by other users. Roetcisoender states that he merely downloaded child pornography into the "Incoming" folder, and because he did not know that this folder was, by default, accessible by others, he did not change the setting.

The Government offered into evidence, and the jury heard, a recording of Detective Arnold's initial interview of Roetcisoender.  Roetcisoender stated he had been using the eMule program since September 2011, approximately nine months.

He explained that to use the eMule program, the user types in a key-word search and chooses which files to download.  When asked where a file went when Roetcisoender downloaded it, he said it "stays in the e[M]ule option unless you take it out of there."  He viewed files in the "eMule option," and he moved some files from eMule to external hard drives or the computer's recycling bin and left other files in eMule.  When Roetcisoender stated that he moved some files from eMule to a folder named "folder 28," Arnold asked another officer to tell Cox, who was in another room analyzing the computers,

---

[10] 713 F.3d 232, 235-36 (5th Cir. 2013); *see also United States v. Chiaradio*, 684 F.3d 265, 282 (1st Cir. 2012) ("When an individual consciously makes files available for others to take and those files are in fact taken, distribution has occurred.").

[11] *Richardson*, 713 F.3d at 236.

[12] *Id.*; *see also id.* at 234.

No. 13-41241

that "some of the stuff [wa]s moved from the share folder into folder 28 on [a] hard drive." Roetcisoender did not question or directly respond to Arnold's comment regarding a "share folder." He also stated that eMule did not have a "good deletion program" and was aware that deleted files remained on his computer.

In addition, the Government called two witnesses during trial: Arnold and Cox. Arnold testified that Roetcisoender told him in a second interview following his arrest that he had been looking at child pornography since the 1960s, and in the late 1990s, he began to access child pornography online via "newsgroups," which led him to eMule before the newsgroups were shut down by law enforcement. Arnold also testified that Roetcisoender stated the majority of his child pornography was on his newest computer because he had been compiling child pornography from older hard drives and moving the material to one large hard drive so that his files would be "centralized." He further stated that it appeared to him that Roetcisoender understood how the eMule program worked. Arnold conceded that he did not ask Roetcisoender about his level of computer knowledge, did not ask him if he knew that the "Incoming" folder is accessible by others, and did not ask him to explain what the "eMule option" is.

Cox testified that eMule is a peer-to-peer file-sharing program and that this fact is not hidden from users, but Cox conceded he lacked personal knowledge of Roetcisoender's own understanding of eMule's inner workings. He further testified that downloaded files are stored automatically in the "Incoming" folder, and the "Incoming" folder is, by default, accessible to others on the eMule program. Roetcisoender's "Incoming" folder had 97 child-pornography videos in it. In the "Incoming" folder, there was a user-created folder titled "Young nudists" with 212 child-pornography images in it. There is no indication that any user other than Roetcisoender created that folder.

No. 13-41241

The files uploaded by other users from Roetcisoender's "Incoming" folder had titles with terms associated with child pornography. Cox testified that this naming system assists other users in searching for and finding child-pornography files, and Roetcisoender used similar acronyms and phrases in his search terms.

Viewing the evidence in the light most favorable to the Government, a rational jury "could have found the essential elements of the offense to be satisfied beyond a reasonable doubt."[13] The Government introduced evidence, including Roetcisoender's own statements, establishing that he generally understood how the eMule program operated, that he had downloaded and stored over 100,000 images and 2,000 videos depicting child pornography on two computers, eight external hard drives, and two USB flash drives, that he knew how to move files between the devices, and that he had used the Internet to access child pornography for over a decade and had used eMule for about nine months. Specifically, Roetcisoender said he knew that when he downloaded child pornography from eMule, the file "stays in the e[M]ule option unless you take it out of there." He created a subfolder titled "Young nudists" in the shared eMule folder and transferred 212 child pornography images to that folder. The title "Young nudists" would indicate the contents of the folder and contained terms that those seeking child pornography might use to search for files. Yet when Roetcisoender created folders to store child pornography on the same computer in files that were not shared on eMule, he gave the folders non-descript titles such as "New Folder" and "28." Additionally, Roetcisoender said that he was centralizing his child pornography collection onto his new computer in a different hard drive that was not part of the "eMule option," yet

---

[13] *United States v. Beacham*, 774 F.3d 267, 272 (5th Cir. 2014) (quoting *United States v. Miles*, 360 F.3d 472, 476 (5th Cir. 2004)) (internal quotation marks omitted).

No. 13-41241

he created the "Young nudists" folder for the "Incoming" eMule file, not for his "centralized" collection.  A jury could have reasonably drawn an inference from the evidence that Roetcisoender knew that the child pornography stored in the "Incoming" folder was available for sharing with other eMule users.[14]  The evidence is sufficient to support Roetcisoender's convictions for distribution of child pornography.

## IV

Roetcisoender also appeals the application of two sentencing enhancements.  The district court applied a two-level enhancement under U.S.S.G. § 2G2.2(b)(6) because "the offense involved the use of a computer . . . for the possession, transmission, receipt, or distribution of the material."[15]  At sentencing, Roetcisoender argued that virtually every child-pornography case involves the use of a computer, and thus, a two-level enhancement is inappropriate.  On appeal, Roetcisoender argues that the application of this enhancement to a conviction for possession of child pornography under 18 U.S.C. § 2252A(a)(5)(B) constitutes impermissible double-counting because "the use of a computer was charged in the indictment and formed an element of the offense."  The Government contends that Roetcisoender makes a new argument on appeal and that review is for plain error only.[16]

It is unnecessary to decide whether Roetcisoender preserved the argument in the district court because Roetcisoender concedes that his

---

[14] *See id.* ("[W]e draw all reasonable inferences in favor of the jury's verdict." (quoting *Miles*, 360 F.3d at 477)).

[15] U.S.S.G. § 2G2.2(b)(6).

[16] *See United States v. Juarez*, 626 F.3d 246, 253-54 (5th Cir. 2010) (stating that when a defendant presents a new argument on appeal, review is for plain error, and plain error exists "when (1) there was an error or defect; (2) the legal error was clear or obvious, rather than subject to reasonable dispute; and (3) the error affected the defendant's substantial rights").

argument on this issue is foreclosed by this court's decision in *United States v. Richardson*. The *Richardson* decision held that "[b]ecause § 2G2.2(b)(6) does not expressly prohibit double-counting, the district court did not err in applying § 2G2.2(b)(6)" to Richardson's conviction under 18 U.S.C. § 2252A(a)(2)(B) for distribution of child pornography.[17] The court additionally noted that "the statutory language 'including by computer' does not *require* computer use to violate the statute: using a computer is just one example of a manner in which child pornography can be transmitted."[18] The statutes for distribution of child pornography and possession of child pornography both mention computers as an example of a "means or facility" of commerce.[19] Accordingly, while *Richardson* addressed the double-counting argument in the context of distribution of child pornography, its holding applies with equal force in the context of possession of child pornography. The district court did not err, plainly or otherwise, in applying the two-level enhancement under § 2G2.2(b)(6).

The district court also applied a two-level enhancement under U.S.S.G. § 2G2.2(b)(3)(F) because "the offense involved . . . [d]istribution other than distribution described in" the other subsections of § 2G2.2(b)(3).[20] Roetcisoender again argues that he did not *knowingly* distribute child pornography and that the district court erred in applying the sentencing enhancement for distribution. Roetcisoender concedes that his argument is foreclosed by this court's decision in *United States v. Baker*. This court held in

---

[17] *Richardson*, 713 F.3d at 237 (footnote omitted).

[18] *Id.*

[19] 18 U.S.C. §§ 2252A(a)(2)(B), (a)(5)(B).

[20] U.S.S.G. § 2G2.2(b)(3)(F).

No. 13-41241

*Baker* that U.S.S.G. § 2G2.2(b)(3)(F) does not have a scienter requirement.[21] The district court did not err in applying the enhancement.

*     *     *

The judgment of the district court is AFFIRMED.

---

[21] *United States v. Baker*, 742 F.3d 618, 623 (5th Cir. 2014).