# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-50919
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 10, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RUBEN A. VAZQUEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-1923-1

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Ruben A. Vazquez was convicted through a jury trial of receipt, and distribution of, child pornography, in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1); and of accessing, with intent to view, child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). Sentenced, *inter alia*, to 300 months' imprisonment, he challenges the sufficiency of the evidence for the distribution

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

conviction, maintaining he did not knowingly distribute files containing child pornography.

This court reviews preserved sufficiency-of-the-evidence challenges *de novo*, viewing both circumstantial and direct evidence "in the light most favorable to the government, with all reasonable inferences and credibility choices to be made in support of the jury's verdict". *E.g., United States v. Njoku,* 737 F.3d 55, 62 (5th Cir. 2013), *cert. denied* 134 S.Ct. 2319 (2014). In so doing, at issue is "whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt". *Id.*

Evidence presented at trial showed Vazquez used the Ares peer-to-peer (P2P) program to view and download images and videos containing child pornography. Vazquez told investigators he used the Ares program, and stated he knew others could access items he had downloaded. Other witnesses testified the primary purpose of the Ares network, or any P2P network, is to share files. In addition, during the installation process, the Ares software provides multiple warnings files will be shared. Vazquez was sharing nearly 500 files of all kinds, and estimated to agents he once possessed as many as 1,000 images and 100 videos of child pornography. He placed certain files within suggestively named folders on the network, from which it could be inferred that he intended to allow access to other users seeking child pornography. Finally, there was testimony indicating that Vazquez generally was knowledgeable about computers.

In *United States v. Richardson*, this court concluded "downloading [files] . . . from a [P2P] computer network and storing them in a shared folder accessible to other users on the network amounts to distribution". 713 F.3d 232, 236 (5th Cir.), *cert. denied* 134 S.Ct. 230 (2013). Here, Vazquez admitted he knew others could access the files; accordingly, a reasonable jury could have

inferred that evidence was sufficient to establish beyond a reasonable doubt that he knowingly distributed child pornography. *See United States v. Roetcisoender,* 792 F.3d 547, 552 (5th Cir. 2015); *Njoku,* 737 F.3d at 62.

AFFIRMED.