# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-41240
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 30, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RONALD SEABRIDGE,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:13-CR-57

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

A jury found Ronald Seabridge guilty of receiving and distributing material involving the sexual exploitation of children and of possessing material involving the same (child pornography). On appeal, he argues that the evidence produced at trial was insufficient to support his convictions under 18 U.S.C. § 2252(a)(2) for receipt and distribution of child pornography and under 18 U.S.C. § 2252 (a)(4)(B) for possession of child pornography.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-41240

Because Seabridge did not renew his motion for a judgment of acquittal at the close of all the evidence, we review this claim for a manifest miscarriage of justice. *See United States v. Delgado*, 672 F.3d 320, 329-32 (5th Cir. 2012) (en banc). As there was evidence produced at trial showing that child pornography was detected and downloaded via a peer-to-peer network from an internet protocol address associated with Seabridge and substantial evidence linking Seabridge to the detected child pornography files, Seabridge has failed to show there was a manifest miscarriage of justice with respect to his receipt and distribution conviction. *See United States v. Roetcisoender*, 792 F.3d 547, 552 (5th Cir. 2015); *United States v. Larman*, 547 F. App'x 475, 477 (5th Cir. 2013).

Likewise, trial evidence demonstrated that a computer at Seabridge's residence as well as an external hard drive, both with internet history and other evidence linking him to those devices, contained images of child pornography. Thus, he fails to show a manifest miscarriage of justice with respect to his conviction for possessing child pornography. *See United States v. Woerner*, 709 F.3d 527, 537-38 (5th Cir. 2013); *Larman*, 547 F. App'x at 481.

AFFIRMED.