# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30108
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 25, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID K. WILLIFORD,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:15-CR-107-1

Before BENAVIDES, SOUTHWICK, and COSTA, Circuit Judges.

PER CURIAM:[*]

David K. Williford appeals the 72-month, within-guidelines prison term
that he received after entering a guilty plea to one count of receiving child
pornography.  In challenging his sentence, he raises the following claims.

First, Williford argues that the district court erroneously applied
U.S.S.G. § 2G2.2 because it lacks an empirical basis and does not distinguish
between the least and most culpable defendants.  He concedes, however, that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

the issue is foreclosed by *United States v. Miller*, 665 F.3d 114 (5th Cir. 2011), but asks this court to reconsider *Miller*. One panel of our court may not overrule the decision of another absent an intervening change in the law. *United States v. Traxler*, 764 F.3d 486, 489 (5th Cir. 2014). Accordingly, the rule of orderliness prevents our reconsideration of *Miller*. *See id.*

Williford next argues that the district court procedurally erred by failing to provide sufficient reasons for rejecting his challenge to the application of § 2G2.2, for enhancing his offense level under §2G2.2(b)(6) based on a finding that a computer was used in his offense, and by failing to explain its imposition of a 72-month prison term. Even if it is assumed that the district court's reasons were inadequate and constituted plain error, Williford has not shown that a more extensive explanation would have changed the sentencing outcome or his within-guidelines sentence. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 364-65 (5th Cir. 2009). Accordingly, he has not shown any plain error affecting his substantial rights. *See id.*

Regarding the § 2G2.2(b)(6) enhancement, Williford raises an additional claim of procedural error. Specifically, he observes that the Sentencing Commission has criticized the enhancement because it applies in nearly every child pornography case and that application of the enhancement constitutes impermissible double counting. Section 2G2.2(b)(6) does not expressly prohibit double counting. *See United States v. Roetcisoender*, 792 F.3d 547, 553 (5th Cir. 2015). Accordingly, Williford has shown no error, plain or otherwise. *See id.*; *Miller*, 665 F.3d at 121, 123.

In his last challenge to the guidelines calculations, Williford argues that the district court erroneously assessed the five-level enhancement of § 2G2.2(b)(7)(D) based on a finding that his offense involved more than 600 images. He observes that there were conflicting reports addressing the

No. 17-30108

number of images involved in his offense and that the district court clearly erred in choosing the report with the higher quantity.  The district court's factual finding was plausible in light of the record taken as a whole and not clearly erroneous.  *See United States v. Cedillo-Narvaez*, 761 F.3d 397, 401 (5th Cir. 2014); *see also Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985).

Finally, Williford argues that the district court imposed a substantively unreasonable sentence by failing to give sufficient weight to his 31-year military career, his years of service as a firefighter, the fact that he did not produce or distribute pornography, the conflicting evidence regarding the quantity of photographs involved in his case, the lack of evidence regarding the nature of the photographs, the fact that he had a low likelihood of recidivism given his age, and the absence of any other criminal history.  We discern no error, plain or otherwise.  *See United States v. Heard*, 709 F.3d 413, 425 (5th Cir. 2013).  The record reflects that the district court considered the 18 U.S.C. § 3553(a) factors and concluded that a within-guidelines sentence was warranted.  Williford's arguments regarding the district court's weighing of those factors is insufficient to rebut the presumption of reasonableness attaching to his within-guidelines sentence on appellate review.  *See United States v. Rodriguez*, 523 F.3d 519, 526 (5th Cir. 2008); *Miller*, 665 F.3d at 124-26.

Accordingly, the judgment of the district court is AFFIRMED.