# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-40342

United States Court of Appeals
Fifth Circuit

**FILED**

July 11, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

> Plaintiff - Appellee

v.

FERNANDO SOSA-PINTOR,

> Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:15-CR-132-1

Before DENNIS, CLEMENT, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

The government charged Fernando Sosa-Pintor with two counts of distributing child pornography and one count of possessing child pornography. He pleaded not guilty and was tried before a jury. The jury returned a guilty verdict. Sosa-Pintor now appeals, arguing that there was insufficient evidence to support the jury's finding that he knowingly distributed the child pornography through a peer-to-peer network, ARES. We affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40342

I.

Two agents of the Internet Crimes Against Children task force were independently conducting undercover operations on the peer-to-peer network,[1] ARES. Users of ARES connect and share files directly from each other's computers. Each file contains a unique digital fingerprint, or hash value, that can be identified by officers monitoring peer-to-peer networks. The officers found files of interest being shared from an IP address that the officers eventually traced to Sosa-Pintor's restaurant. Both officers downloaded at least one file containing child pornography from the IP address.

The officers obtained a warrant to search Sosa-Pintor's restaurant. Nobody came to the door when they knocked, and so they kicked it open. When they found Sosa-Pintor on the second floor, he was sitting at a desk in front of two computers, one of which was connected to a big-screen TV. During the raid, Sosa-Pintor admitted to the officers that over the course of several years he had used ARES to download "[l]ike, a hundred" child pornography videos. And, when discussing ARES with the officers, Sosa-Pintor seemingly acknowledged that he understood that removing the child pornography from the ARES

---

[1] This court has previously described peer-to-peer network programs as follows:
Peer-to-peer file sharing is a means of Internet communication utilizing software that lets users exchange digital files through a network of linked computers. Users access peer-to-peer networks by downloading the peer-to-peer software from the Internet; this software is used exclusively for sharing digital files. Generally, after a user downloads or installs the software, either the user selects a folder to store downloaded files or the installation program designates the shared folder as the default folder into which files are automatically downloaded. Files that are downloaded into the shared folder (or downloaded into a separate folder but later placed into the shared folder) are available to anyone on the peer-to-peer network for downloading. Someone interested in sharing child pornography with other peer-to-peer network users need only leave or place such files in his shared folder, which other users may then access by searching for relevant terms and phrases.

*United States v. Richardson*, 713 F.3d 232, 233–34 (5th Cir. 2013).

program was not sufficient to delete the files because they could have been shared:

> Officer: Have you used any other programs to get [child pornography]?
> Sosa: No. . . . But now I take it off that.
> Officer: Okay. Well, just because you take it off doesn't mean it [sic] gone.
> Sosa: Yeah, I know, I know, I know. I know that.

Sosa-Pintor also told the officers that he was the only person who had access to his computers. The officers recorded all of their interactions with Sosa-Pintor while at the restaurant. Sosa-Pintor was indicted and charged with two counts of distributing child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1) and one count of possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).

At trial, Sosa-Pintor's testimony differed from what he told the officers on the day of the raid. He testified (in Spanish) that he was computer illiterate and "really didn't even know how to use [a computer]." He also claimed that he had not downloaded any child pornography videos and that a handyman, Juan Oviedo, had access to the computers. To explain the discrepancies between his statements at trial and on the day of the raid, Sosa-Pintor testified that his understanding of the English language was limited.

But Sosa-Pintor's testimony was belied by his admissions in the recording from the day of the raid, in which he apparently understood and communicated in English. His claims of computer illiteracy were subverted by his testimony that he had purchased multiple computers, used a computer for business-related tasks, learned to use special software, and employed a video-surveillance system.

Ultimately, the jury did not believe Sosa-Pintor's testimony, and found him guilty on all three counts. The district court denied Sosa-Pintor's motion

No. 17-40342

for judgment of acquittal and sentenced him to 240 months' imprisonment on each count, to be served concurrently. Sosa-Pintor timely appealed.

## II.

On appeal Sosa-Pintor contests only his convictions on the distribution charges,[2] arguing that there was insufficient evidence presented at trial to support the jury's verdict that he *knowingly* distributed the child pornography to others through ARES. We review a claim that there was insufficient evidence to support a jury's verdict de novo. *See United States v. Hale*, 685 F.3d 522, 543 (5th Cir. 2012). We view all evidence "in the light most favorable to the verdict, drawing all reasonable inferences to support the verdict." *United States v. Delgado*, 256 F.3d 264, 273–74 (5th Cir. 2001). And a verdict "will be affirmed unless no rational jury . . . could have found the essential elements of the offense to be satisfied beyond a reasonable doubt." *United States v. Roetcisoender*, 792 F.3d 547, 550 (5th Cir. 2015) (internal quotations omitted).

Sosa-Pintor does not contest that files containing child pornography were shared from his computer. He argues only that the government provided no evidence to the jury the he knew that he was distributing the pornography through the shared folder in ARES. Although the government's witnesses explained at trial how ARES functioned, they did not interview Sosa-Pintor or determine his knowledge or actions regarding the ARES-created shared folder.

Sosa-Pintor attempts to distinguish his case from our precedent where we have upheld convictions for knowingly distributing child pornography through peer-to-peer networks such as ARES. In *United States v. Richardson*, this court held that there was sufficient evidence to uphold a jury verdict of knowing distribution of child pornography because the defendant "was a computer technician with computer experience, he affirmatively downloaded

---

[2] Sosa-Pintor does not contest his conviction on the possession count.

4

the [peer-to-peer sharing] program, he maintained 144 videos of child pornography in his shared folder, [and] he knew that others could access the materials stored in his shared folder." *See United States v. Richardson*, 713 F.3d 235, 236 (5th Cir. 2013).

In *United States v. Roetcisoender*, "the Government did not adduce any evidence indicating that [the defendant] knew the [shared folder from the peer-to-peer network] was accessible by other users." 792 F.3d at 551. The defendant stated that "he merely downloaded child pornography into the 'Incoming' folder, and because he did not know that this folder was, by default, accessible by others, he did not change the setting." *Id.* The detective did not ask the defendant about his level of computer knowledge, and did not ask him if the defendant understood that the "Incoming" folder could be accessible to others. *Id.* at 552. But the government demonstrated that the defendant placed a suggestively named folder—"Young nudists"—into the "Incoming" folder. And the government's witness testified that this naming system assisted other users in their efforts to find child pornography files. *Id.* This court found that, when viewing the evidence in a light most favorable to the prosecution, a rational jury could have found beyond a reasonable doubt that the defendant knowingly distributed the child pornography. *Id.*

Sosa-Pintor argues that, unlike the defendant in *Richardson*, he was not a computer technician. And at trial he argued that he did not know how computers worked and that he was not tech-savvy. Moreover, unlike the defendant in *Roetcisoender*, Sosa-Pintor asserts that he never made any direct admissions that he knew the contents of his ARES shared folder were available to others. He never created any suggestive file names. And the government did not present evidence that Sosa-Pintor had been aware of any warnings presented by the software upon installation. *See United States v. Vazquez*, 623 F. App'x. 716, 717 (5th Cir. 2015).

Sosa-Pintor's contentions are unavailing. Although he was not a computer technician, sufficient evidence was presented to the jury demonstrating that Sosa-Pintor knew enough about ARES and computers generally to support the verdict that Sosa-Pintor knowingly distributed child pornography through the shared folder. And, contrary to Sosa-Pintor's assertions, he did seem to acknowledge to the officers during the raid that he understood how the ARES sharing folder worked.

Were that not enough, at trial the prosecution's witnesses explained that keeping documents in the ARES shared folder exposed users to law enforcement detection and reduced download speeds. For these reasons, users will often move child pornography from their shared folders to other locations on their computers. The files at issue were, of course, in Sosa-Pintor's shared file when the officers downloaded them from his IP address. But when the officers raided the restaurant, the files had been moved from the shared folder to other locations on the computer. This also constitutes evidence from which the jury could determine that Sosa-Pintor understood how the ARES peer-to-peer program functioned and yet allowed the child pornography files to remain in the shared folder where others could access them.

At bottom, there was enough evidence presented for a "rational jury . . . [to] have found the essential elements of the offense to be satisfied beyond a reasonable doubt." *Roetcisoender*, 792 F.3d at 550 (internal quotations omitted). We AFFIRM.

6