# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 26, 2023

Lyle W. Cayce
Clerk

———————

No. 22-40107

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Ronald Flirt,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:21-CR-235-1

———————————————————————

Before Higginbotham, Smith, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

A jury found Ronald Flirt guilty of conspiracy and possession with intent to distribute 30 grams of methamphetamine. He challenges opinion testimony and the sufficiency of the evidence. We AFFIRM.

## I.

Law enforcement officers in Corpus Christi were monitoring a suspected drug trafficking organization at a house when they observed Ashley

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-40107

Yardley enter the building and leave within a few minutes, departing in a vehicle driven by Ronald Flirt and stopped the vehicle as it drove away. The officers found ten small bags of methamphetamine—one in Flirt's pocket, eight in a headphone case in Flirt's pocket, and one that Flirt dropped in the vehicle in front of an officer.

Prosecutors charged Flirt with one count of conspiracy to possess with intent to distribute methamphetamine and one count of possession with intent to distribute methamphetamine.[1] Flirt's intent to distribute the drugs was the only issue at trial, as he does not contest that he possessed approximately 30 grams of methamphetamine. The jury found Flirt guilty on both counts, and the district court sentenced him to 92 months' imprisonment. Flirt timely appealed.

## II.

"When a defendant moves for acquittal in the district court, challenging the sufficiency of the evidence, this Court reviews the district court's denial de novo."[2] "The jury's verdict will be affirmed unless no rational jury, viewing the evidence in the light most favorable to the prosecution, could have found the essential elements of the offense to be satisfied beyond a reasonable doubt."[3] The jury may make factually based inferences, but "a conviction cannot rest on an unwarranted inference, the determination of which is a matter of law."[4] "While we consider evidence

---

[1] 21 U.S.C. §§ 841(a)(1), and 841(b)(1)(B); 18 U.S.C. § 2(a).

[2] *United States v. Ganji*, 880 F.3d 760, 767 (5th Cir. 2018) (citing *United States v. Danhach*, 815 F.3d 228, 235 (5th Cir. 2016)).

[3] *United States v. Roetcisoender*, 792 F.3d 547, 550 (5th Cir. 2015) (quoting *United States v. Beacham*, 774 F.3d 267, 272 (5th Cir. 2014)).

[4] *United States v. Fitzharris*, 633 F.2d 416, 422 (5th Cir. 1980).

that countervails the jury's verdict, all reasonable inferences are made in favor of the jury's verdict."[5]

Appellate review of the admission of law enforcement officers' testimony is conducted under an abuse of discretion standard, subject to harmless error analysis.[6] Similarly, the exclusion of expert witness testimony is reviewed for an abuse of discretion and will not be disturbed unless it is "manifestly erroneous."[7]

## III.

On appeal, Flirt argues: (1) the district court erred by allowing the officers to testify to his intent; (2) the district court erred by excluding his expert witness's comparison of Flirt's usage to other drug users; and (3) the evidence is insufficient to sustain his conviction for intent to distribute. We discuss each in turn.

## A.

We have affirmed the use of a law enforcement agent's testimony regarding the quantity of narcotics vis-à-vis intent to distribute. In *United States v. Cain*, for example, we affirmed the inclusion of testimony from a DEA agent who testified that "[t]he form and amount" of the narcotic at issue was "some evidence of an intent to distribute."[8] In *United States v. Thomas*, we found the trial court did not abuse its discretion when a police

---

[5] *United States v. Bowen*, 818 F.3d 179, 186 (5th Cir. 2016) (citing *Roetcisoender*, 792 F.3d at 550).

[6] *United States v. Speer*, 30 F.3d 605, 609–10 (5th Cir. 1994); *United States v. Williams*, 957 F.2d 1238, 1240–41 (5th Cir. 1992).

[7] *United States v. Kuhrt*, 788 F.3d 403, 418 (5th Cir. 2015) (quoting *United States v. Wen Chyu Liu*, 716 F.3d 159, 167 (5th Cir. 2013)).

[8] 440 F.3d 672, 675 (5th Cir. 2006).

detective testified "about the concordance between distribution quantities and the amount of" drugs the defendant possessed.[9]

Here, DEA Agent Benavides, a law enforcement veteran with nearly three decades of experience, testified that the baggies contained a distributable amount of methamphetamine and, in his experience, the wrapping of ten individual baggies indicated the drugs were prepared for distribution, as users regularly buy one bag at a time. Officer Haywood testified similarly, as did Special Agent Charrier. Allowing such testimony falls within the bounds of our precedent.[10]

Flirt's argument that the agents' testimony inappropriately speaks to a drug profile misses the mark. Here, the law enforcement officers' testimony concerned both their specific experiences with narcotics investigations as well as the direct evidence at issue—namely the quantity and the baggies—rather than "showing how a defendant fit a list of characteristics making up the 'profile' of a drug courier."[11] True, there exists a "fine but critical line" between profiling evidence and an officer's specific, learned experience, but exist it does,[12] and the testimony at issue did not cross it.

## B.

Flirt's expert witness, Jose Ramirez, a licensed clinical dependency counselor with nearly two decades of experience treating thousands of individuals with methamphetamine addiction, was barred from comparing

---

[9] 294 F. App'x 124, 134 (5th Cir. 2008) (unpublished).

[10] *See Cain*, 440 F.3d at 675; *Thomas*, 294 F. App'x at 134.

[11] *United States v. Buchanan*, 70 F.3d 818, 833 n.19 (5th Cir. 1995), *as amended* (Feb. 22, 1996) (citing *Williams*, 957 F.2d at 1241).

[12] *United States v. Sosa*, 897 F.3d 615, 619 (5th Cir. 2018) (quoting *United States v. Gonzalez-Rodriguez*, 621 F.3d 354, 364 (5th Cir. 2010)).

No. 22-40107

Flirt's usage with other specific addicts he has treated in the past. Flirt contends this exclusion was improper. It was not.

The Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*[13] guides our review. "'Under *Daubert*, Rule 702 charges trial courts to act as gate-keepers, making a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue.'"[14] The last prong, reliability, is at the heart of this issue. As the Supreme Court reiterated, *Daubert* "imposes a special obligation upon a trial judge to ensure that any and all scientific testimony . . . is not only relevant, but *reliable*."[15]

Ramirez himself conceded that his conclusions were based exclusively on self-reporting and trust rather than independent verification via urinalysis or other toxicological data. Absent an objective verification methodology, the court restricted Ramirez's testimony from drawing upon "statistics and data" while permitting "a follow-up question or two concerning his experience." And Flirt's counsel elicited Ramirez's opinion of Flirt's defense based on "[his] experience and what [he has] heard from other clients." We find no manifest error in these guardrails.

---

[13] 509 U.S. 579 (1993).

[14] *Kuhrt*, 788 F.3d at 419 (quoting *United States v. Tucker*, 345 F.3d 320, 327 (5th Cir. 2003)).

[15] *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999) (emphasis added). And, of course, this applies "to all species of expert testimony, whether based on scientific, technical, or other specialized knowledge," *Tucker*, 345 F.3d at 327 (internal quotation marks omitted), as Rule 702's text "makes no relevant distinction between 'scientific' knowledge and 'technical' or 'other specialized' knowledge." *Kumho Tire Co.*, 526 U.S. at 147.

No. 22-40107

## C.

Finally, Flirt challenges the sufficiency of the evidence, arguing that no rational juror could find the essential elements of intent to distribute beyond a reasonable doubt. We disagree.

Intent to distribute may be inferred from the drug's quantity, purity, and value.[16] To be sure, "a quantity that is consistent with personal use does not raise such an inference in the absence of other evidence,"[17] but that is not the case here. "This court has overturned convictions of possession with intent to distribute 2.89 grams and 7.998 grams of crack cocaine,"[18] and the Supreme Court held similarly vis-à-vis 14.68 grams of cocaine.[19] By contrast, we held that 19.67 grams of crack alone could give rise to an inference of an intent to distribute, particularly where a DEA agent testified that that quantity indicated such an intent.[20] Here, there was nearly 30 grams, or double the threshold at which we have found that inference wanting. And the drugs were contained in many distinct smaller baggies, which we have held contributed to an intent to distribute.[21] While the district court saw this as a close call, it is a judgement we need not fault to conclude that the evidence is

---

[16] *See United States v. Valdiosera-Godinez*, 932 F.2d 1093, 1096 (5th Cir. 1991).

[17] *United States v. Hunt*, 129 F.3d 739, 742 (5th Cir. 1997) (citing *United States v. Skipper*, 74 F.3d 608, 611 (5th Cir. 1996)); *see also United States v. Onick*, 889 F.2d 1425, 1431 (5th Cir. 1989).

[18] *United States v. Kates*, 174 F.3d 580, 582 (5th Cir. 1999) (footnotes omitted).

[19] *See Turner v. United States*, 396 U.S. 398, 422–23 (1970).

[20] *See Kates*, 174 F.3d at 583 (holding that "together with DEA Agent Lamberson's confirmation that the 19.67 grams of crack was almost surely intended for distribution, the amount possessed by Kates created at least a jury question regarding intent to distribute" such that "[t]he jury had sufficient evidence to conclude that Kates was guilty as charged").

[21] *See United States v. Compton*, 704 F.2d 739, 742 (5th Cir. 1983).

No. 22-40107

not so lacking that no rational juror could conclude that the Government made its case.

\* \* \* \* \*

AFFIRMED.